CHASE *v.* PORTER.

1. JUDGMENT—APPEAL AND ERROR—CERTIORARI—DRAINS—DECISION ON APPEAL—RES JUDICATA.

A judgment of this court on certiorari to review proceedings in probate court in which private property was taken for the purpose of a public drain, ordering that the proceedings be quashed, where the objection sustained related to certain misconduct of the jurors, applied only to the proceedings in probate court, and in no way affected the petition and action before the drain commissioner.

2. DRAINS—LACHES—CERTIORARI.

A delay of 14 months before recommencing proceedings to take private property for a public drain, after the date of a decision in the Supreme Court reversing the cause, the delay being excused by a showing that a new drain commissioner was elected who was obliged to become familiar with the proceedings and to have new maps and surveys made, is not fatal to the validity of the proceedings. 2 Comp. Laws, § 4322; Act No. 111, Pub. Acts 1907; Act No. 320, Pub. Acts 1909.

Error to Calhoun; North, J. Submitted April 13, 1911. (Docket No. 12.) Decided May 8, 1911.

Upon the application of W. E. Rhodes and others to the county drain commissioner of Calhoun county to

deepen and widen a drain, proceedings to take private property therefor were commenced, and, on review in the Supreme Court, were quashed. Arthur H. Chase, drain commissioner of said county, and John B. Rudesill, drain commissioner of Eaton county, subsequently applied to the probate court for the appointment of special commissioners to determine the necessity for such drain and to take private property for such purpose, and said application was denied in the probate court. On certiorari to the circuit court the order was affirmed. Petitioner Arthur H. Chase brings error. Reversed.

*Winsor & Miller*, for appellant.

*Hatch & Hatch*, for appellee.

HOOKER, J. This record shows that proceedings were pending in 1907 before the drain commissioners of the counties of Calhoun and Eaton for the cleaning out of a drain, and extending, deepening, and widening the same, traversing parts of said counties. The matter was brought before commissioners appointed by the probate court of Calhoun county and a jury, and their determination was reviewed in the circuit court and later in this court, where their action was set aside upon the sole ground that the jurors accepted entertainment from one of the parties interested during the hearing of the case by them. The order of the circuit court had sustained the proceedings appealed from, and we said in the opinion that "the order of the circuit court will be reversed, and the proceedings quashed." Opinion was filed July 13, 1908. The formal order of this court included the following:

"Thereupon it is ordered and adjudged by the court that the order of said circuit court for the county of Calhoun, affirming the proceedings taken in the probate court of said county relative to the clearing out, deepening, widening, straightening, extending, and relocating the State and Indian Creek drain, be, and the same is hereby, set aside and vacated, and said proceedings in the matter of said drain are hereby quashed and held for

naught. It is further ordered and adjudged that the relators recover of and from the respondent their costs of both courts to be taxed."

"Said proceedings" clearly meant "the proceedings in probate court." Subsequently another petition was filed in the Calhoun county probate court, but was dismissed at the hearing upon the ground "that the order made in the Supreme Court as above set forth quashed all the proceedings in said drain, including the original petition for the drain."

This order was affirmed by the circuit court on certiorari, and is now before us by writ of error. An investigation of the record in the case of *Harrington* v. *Calhoun Probate Judge*, reported in 153 Mich. 660 (117 N. W. 62), shows that the only criticism there made related to the proceedings before the probate court, and that proceeding was the only one passed upon, though there were other objections raised to that proceeding besides the one discussed in the opinion. It is possible that the petition filed in the probate court might have been held valid, and made the foundation for further proceedings, under 2 Comp. Laws, § 4346, which provides:

"If any error be found in the proceedings, the court shall direct the county drain commissioner to correct such error or errors, and then proceed the same as though no error had been made."

It does not appear that such direction was asked, and, in fact, the court ordered the quashing of the proceeding that was before it; *i. e.*, the proceeding in the probate court. It made no order expressly relating to the proceedings anterior to the filing of the petition in probate court, and the case now before us raises the question whether the effect of our judgment was fatal to the entire drain proceeding.

Counsel for the respondent says that, inasmuch as this court failed to order a new trial before the circuit court, that court had a right to assume that no new trial was intended. If this be assumed, it amounted to no more than

a final quashing of all proceedings before the probate judge, unless by operation of law. We infer that such contention can alone support respondent's claim. He says that the record of the first probate proceedings showed that objections to the earlier proceedings were made as grounds of attack upon the probate jurisdiction, and we find that to be true in the present record as well as the former. But we do not find that the record contains such proceedings or that any of those questions were tried or passed upon in either instance. Section 4346 already quoted indicates the intention of the legislature to save drain proceedings so far as they are regular, and makes it the duty of courts to point out the limit of regularity in proceedings passed on by them. We held in this case that the probate proceeding was wholly void, and upon that record we could not well have gone further, and we know of no decision that forbids the commissioner to re-- new his effort to carry to effect the proceeding pending before him by filing a new petition in the probate court.

Laches. It is said that the drain commissioners lost jurisdiction by delaying action for 14 months after the decision of this court was announced. 2 Comp. Laws, § 4322, provides that application shall be made to the probate court as soon as practicable. This delay is excused by proof by affidavit (apparently undisputed) for certiorari. It appears that our judgment was filed July 13, 1908. The present commissioner, Chase, succeeded Harrington in the office of drain commissioner January 1, 1908. He found much unfinished work. He made an effort to obtain a full understanding of the drain and proceedings pertaining to it, had a map made in the fall of 1908, and a survey bill printed in the spring and summer of 1909, which he did not receive until September, 1909. He filed the second petition on September 25, 1909. It does not appear that there was any intention to abandon this proceeding, and we are of the opinion that this delay should not preclude further proceedings. The case is well within the recent case of *Ranney Refrigerator*

*Co.* v. *Smith*, 157 Mich. 302 (122 N. W. 91). The amendatory statutes (Act No. 111, Pub. Acts 1907, and Act No. 320, Pub. Acts 1909) do not affect the question. See section 2, p. 794, Pub. Acts 1909, which provides that "proceedings begun shall be carried on and completed under this act."

The orders of the circuit and probate courts are reversed, with costs of all courts to petitioner.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.