SOLOMON *v.* LOUD.

NEW TRIAL—JURY—MISCONDUCT OF COUNSEL.

On motion for a new trial, the circuit court should have set aside a verdict and judgment for defendant, when it was shown that defendant and his counsel hired and paid one of the panel, who was not serving on the jury, to watch plaintiff and his counsel and the jury, and gave him money to spend with the jurors; since the tendency of such misconduct was to bring the court and its proceedings into disrepute, whether or not it affected the final result.

Error to Iosco; Connine, J. Submitted October 14, 1912. (Docket No. 58.) Decided December 17, 1912. Rehearing denied March 20, 1913.

Case by Selig Solomon against H. Kimball Loud for fraud and deceit. Judgment for defendant. Plaintiff brings error. Reversed.

*Jahraus & Rawden* (*Joseph H. Cobb*, of counsel), for appellant.

*Henry, Henry & Henry*, for appellee.

PER CURIAM. We consider only whether the trial court ought to have set aside the verdict of the jury and granted a new trial upon the motion of the plaintiff and appellant. In denying a new trial the court, among other things, said:

"The remaining grounds for a new trial are based upon the alleged misconduct of the defendant and his attorney in hiring one Joseph Eaton, a juror, ' to watch the jury ' and plaintiff and his counsel. From the affidavits submitted with the motion, and from what came to the knowledge of the court immediately after the trial, I find the facts connected with this incident as follows: Joseph Eaton was a juror, and was called on the jury in this case, examined and excused. While this trial was in progress, the attorney for the defendant employed Eaton ' to watch ' the jury and the plaintiff and his counsel, to see that they did not tamper with the jury, under a promise to pay Eaton well for his services. Eaton told the attorney that if he, Eaton, was to be ' around with the jury,' he would need to spend some money, that he could not be ' around ' with them, and not spend any money. Whereupon the attorney called the defendant to them and told him to let Eaton have some money; the defendant asked what it was for, and the attorney replied, ' Eaton knows, you pay him some.' Whereupon the defendant gave Eaton $2. It does not appear that the defendant knew what this money was for. This seems to be all the money that was paid to Eaton; what he did with this money does not appear. It does not appear that Eaton spent any money with the jury, or that he approached them in any way about the case, or endeavored to influence them, or tampered with them. The action of defendant's attorney in regard to juror Eaton was improper, and detrimental to the profession. Had it come to the knowledge of the court during the trial, a prompt and vigorous investiga-

tion would have been made, and the matter dealt with as it deserved. But I am unable to find that this misconduct affected the jury on their verdict."

The facts so found are not in a material way disputed.

We do not impute to defendant's counsel the purpose to influence the jury or to obtain a verdict or an advantage by unfair means. We attribute the conduct described to thoughtlessness rather than to improper motives. But it is apparent that, if the practice of hiring jurors to watch jurors is entered upon in trial courts, an intolerable condition must result. To say that in the particular case the hired juror did nothing to influence the jurors he undertook to watch and whose improper conduct he promised to report does not answer the indictment presented by the facts. The indictment is that an officer of the court charged equally with the court with the duty of administering the law is guilty of establishing commercial relations with a juror with respect to proceedings in court, knowledge of which relations must inevitably bring the court into disrepute and cause the integrity of its proceedings to be suspected. These consequences are not affected by the purpose of the attorney or of the juror employed by him. The evil thing was done when the contract relations affecting proceedings in the court were established between the attorney and the juror. The effect of the misconduct upon the determination of the particular case is not apparent. But when misconduct, calculated, if not intended, to have a generally pernicious effect upon legal proceedings, is traceable to the prevailing party in such proceedings, we are of opinion that reason appears for treating the trial as a mistrial and for setting aside the judgment.

The judgment is therefore reversed, and a new trial ordered.