PEOPLE *v.* LEVEY.

1. CRIMINAL LAW—TRIAL—TAMPERING WITH JURY—INVESTIGATION —NEW TRIAL.
Where, in a criminal proceeding, after the jury had been out over two hours, they were brought into court at their request, and the foreman informed the court that one of the jurors had been approached, and the trial judge inquired of the foreman if they could render a fair and impartial verdict regardless of the incident, but no inquiry was made of any other juror, and no further investigation had, and nothing was done to protect the rights of defendant, and the jury, after retiring for a few minutes, brought in a verdict of guilty, the motion of defendant for a new trial should have been granted.

2. SAME—BURGLARY—STATUTORY OFFENSE—ELEMENTS—PROOF.
In a prosecution under 3 Comp. Laws 1915, § 15292, charging defendant with breaking and entering "the store, not adjoining to or occupied with a dwelling," evidence that the store broken into was not adjoining to or occupied with a dwelling house was necessary.

3. SAME—VERDICT—LANGUAGE OF STATUTE.
The jury in orally rendering their verdict is not required to state all the language found in the act defining the offense.

Error to recorder's court of Detroit; Wilkins, J. Submitted April 18, 1919. (Docket No. 114.) Decided May 29, 1919

Martin Levey was convicted of breaking and entering a store in the night time under 3 Comp. Laws 1915, § 15292, and sentenced to imprisonment for not less than 2 nor more than 15 years in the State prison at Jackson. Reversed.

*Chawke & Sloan,* for appellant.

206—Mich.—9.

*Alex. J. Groesbeck*, Attorney General, *Charles H. Jasnowski*, Prosecuting Attorney, and *Van H. Ring*, Assistant Prosecuting Attorney, for the people.

FELLOWS, J. The information in this case charges defendant and one Nadel with breaking and entering "the store, not adjoining to or occupied with a dwelling house, of Grimshaw & Stevens, a corporation," in the nighttime with intent to commit the crime of larceny, and the larceny of the goods and chattels of the corporation to the value of $1,701. Upon a separate trial defendant was convicted of the major offense and sentence was imposed. He here reviews such conviction upon this writ of error.

After the jury had been out something over two hours they were brought into court at their request, and the court was informed by the foreman that one of the jurors had been approached. The record does not disclose that defendant's counsel was then present, but it does disclose that the judge conferred with two of the assistant prosecutors and then inquired of the foreman if the statement made by the juror in the jury room would affect their verdict, and if they could render a fair and impartial verdict upon the law and the evidence regardless of the incident. The foreman expressed the view that they could. No inquiry was made of any other member of the panel, nor was any further investigation had. The jury retired and in a few minutes returned a verdict of guilty. This incident is made the basis of an exception, and was one of the reasons assigned in the motion for a new trial.

Both the people and the defendant were entitled to a trial by a fair, impartial, and unprejudiced jury. It not infrequently happens that incidents occur after the jury is sworn and the trial has progressed which create, or which may tend to create, such a

condition of prejudice as prevents a fair, impartial and unbiased disposition of the case by the jury. This court has had occasion to consider varying conditions and incidents occurring during the progress of the trial and which were urged as grounds for declaring a mistrial or as a basis for the granting of a new trial. Among the cases see, *Churchill* v. *Alpena Circuit Judge*, 56 Mich. 536; *People* v. *Montague*, 71 Mich. 447; *People* v. *Evans*, 72 Mich. 367; *People* v. *Hull*, 86 Mich. 449; *In re Ascher*, 130 Mich. 540 (57 L. R. A. 806); *Detroit, etc., R. Co.* v. *Campbell*, 140 Mich. 384; *People* v. *Parker*, 145 Mich. 488; *Harrington* v. *Calhoun Probate Judge*, 153 Mich. 660; *Cooper* v. *Carr*, 161 Mich. 405; *People* v. *Sharp*, 163 Mich. 79; *Solomon* v. *Loud*, 173 Mich. 233 (48 L. R. A. [N. S.] 540); *In re Quinn's Estate*, 180 Mich. 502.

In the case of *People* v. *Montague, supra,* it was intimated that proper practice required the presentation of such a question by a motion for a new trial, and that the court should not interrupt the trial to examine into the charges. But this was not necessary to decision and the later cases have recognized the propriety of action by the trial judge upon receiving knowledge of the incident. *In re Ascher, supra; Cooper* v. *Carr, supra; People* v. *Sharp, supra.* In the last cited case it was said:

"We deem it wholly unimportant whether the juror was disqualified when impaneled and sworn, or whether he became corrupted and disqualified during the progress of the trial. In either case the duty of the court to act when such disqualification is discovered is imperative. Much must be left to the sound sense and good judgment of the trial judge in such a case."

In the instant case there was no action taken by the trial judge other than his inquiry of the foreman as to whether the incident would affect their verdict; no inquiry of any other member of the jury. There was no investigation as to the truth or falsity of the

statement of the juror to his fellow jurors; no opportunity given defendant to refute his connection with the incident if it had been stated by the juror to his fellow jurors that he had been approached on behalf of defendant; no inquiry as to which party was responsible, if either was. While the trial judge was not authorized to discharge the jury on mere rumor and considerable discretion should be allowed him, here was information brought to him in open court that an attempt had been made to corrupt the jury; a statement to the jury by one of their members that he had been approached. The prejudicial effect of such a statement must be patent. To illustrate: If the juror stated that he had been approached on behalf of the defendant, neither he nor any other member of the jury could vote for acquittal without knowing that he was liable to incur the suspicion of his fellow jurymen. The situation required something besides formal inquiries of the foreman by the trial judge. The jury had been told, not by any witness in open court, who would be subject to cross-examination, but by one of their members, that an attempt had been made to corrupt the jury. Prompt and thorough action was demanded. Not only was the integrity of the proceeding involved, but the rights of the defendant were seriously affected. It was such an incident arising after the jury was sworn as without action on the part of the court could have but one tendency—the prevention of a fair, impartial and unprejudiced verdict. But there was no investigation of the charge, no sifting of facts to ascertain the truth of the accusation, no attempt to locate or fix the responsibility, no action on the part of the trial judge such as the occasion required, nothing done to protect the rights of the defendant. No such action having been taken when the incident occurred it became the duty of the trial judge to grant a new trial.

There was no testimony in the case that the store which was broken into was not adjoining to or occupied with a dwelling house. This is a necessary element of the offense (3 Comp. Laws 1915, § 15292) and should be proved. *Koster* v. *People*, 8 Mich. 431. We do not think that the jury in orally rendering their verdict is required to state all the language found in the act defining the offense and the assignment of error on this subject is overruled.

We do not discuss further assignments of error as they are not likely to arise upon another trial.

The case is reversed and a new trial granted. Defendant will be remanded to the custody of the sheriff of Wayne county.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.