## PEOPLE v. SCHRAM.

1. CRIMINAL LAW—DIRECTED VERDICT OF INNOCENCE—RECORD.

Claim that trial court erred in not instructing jury to make a finding of innocence on part of defendant, charged with assault with intent to rob while armed, *held*, without merit, where no motion to that effect was made and had it been, the evidence of defendant's complicity in the record would not have justified trial court's grant of such motion (CL 1948, § 750.89).

2. SAME—EVIDENCE.

The proper test of evidence in a criminal case is whether it warrants a finding of guilty beyond a reasonable doubt of the crime charged, not whether the verdict is in direct contradiction to the great weight of the evidence.

3. SAME—ASSAULT—EVIDENCE.

Evidence adduced in prosecution for assault with intent to rob while armed *held*, to support a finding of guilty beyond a reasonable doubt (CL 1948, § 750.89).

4. SAME—CREDIBILITY—COURT OF APPEALS.

The credibility of testimony presented in a prosecution for crime is solely for the jury, and its view that contradictions did not establish perjury on the part of some witnesses may not be disturbed by the Court of Appeals.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  53 Am Jur, Trial §§ 302, 406, 408.
[2]  20 Am Jur, Evidence § 1256.
[3]  6 Am Jur 2d, Assault and Battery § 92.
[4]  5 Am Jur 2d, Appeal and Error § 831.
[5, 6]  21 Am Jur 2d, Criminal Law § 127 *et seq.*
[7, 9]  53 Am Jur, Trial § 970 *et seq.*
[8]  21 Am Jur 2d, Criminal Law § 234 *et seq.*
[10]  53 Am Jur, Trial §§ 993, 995.

5. SAME—JOINT TRIAL.

Persons separately informed against may be tried jointly, where it has been judicially determined that a crime has been committed and that there is probable cause to believe that those charged participated in the commission of the offense.

6. SAME—SEPARATE INFORMATION—JOINT TRIAL—EVIDENCE.

There is no just cause of complaint on the part of an accused because of his joint trial with another, where, although separately informed against, it was judicially determined that a crime had been committed, and that there was probable cause defendant was guilty thereof and, on the trial, it was shown that appellant-defendant and his codefendant acted together.

7. TRIAL—MOTION FOR MISTRIAL—DISCRETION OF COURT.

A motion for a mistrial puts in question the fairness and impartiality of the trial, and is an appeal to the discretion of the court.

8. CRIMINAL LAW—JURY TRIAL.

Both the people and the defendant in a criminal prosecution are entitled to a trial by a fair, impartial, and unprejudiced jury.

9. SAME—MOTION FOR MISTRIAL—DISCRETION OF COURT.

Much must be left to the sound sense and good judgment of the trial judge in a criminal prosecution when he is called upon to act upon a motion for mistrial.

10. SAME—PROSECUTOR'S CONVERSATION WITH JURORS—MISTRIAL—DISCRETION OF COURT.

Denial of mistrial because of conversation between prosecutor and 2 of the jurors outside of the courtroom *held*, not an abuse of discretion, where record shows trial judge investigated the incident, ascertained that conversation had to do with the probable duration of the trial and jurors could try the case without prejudice to either the defense or prosecution.

Appeal from Recorder's Court; Schemanske (Frank G.), J. Submitted Division 1 February 10, 1965, at Detroit. (Docket No. 73.) Decided July 19, 1965. Leave to appeal granted by Supreme Court October 6, 1965.

Michael Clayton Schram was convicted of assault with intent to rob while armed (CL 1948, § 750.89

[Stat Ann 1962 Rev § 28.284]). Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Michael C. Schram, in propria persona.*

T. G. KAVANAGH, J. On September 26, 1958, Fred Piper, the proprietor of Piper's Tavern, was tending bar when a man entered, ordered a beer, and stationed himself near the rear exit. He brandished a sawed-off shotgun and announced a holdup. Piper reached for a gun and the robber shot him. The robber then dropped his gun and fled.

Subsequently Fred Piper identified Mark Brock as the holdup man, and Brock was arrested pursuant to a warrant on January 20, 1959, examined on January 27th and the criminal information was filed February 19, 1959.

In the meantime on January 5, 1959, the police learned that a second man was involved in the crime, and on January 27th a warrant was issued against defendant, Michael Clayton Schram. Schram was arrested on January 30th, examined on February 18th, bound over for trial, and a separate information was filed on February 19, 1959.

Thereafter, on March 4, 1959, the prosecutor moved to consolidate the cases for trial and after hearing arguments from both sides the court granted the motion.

During the trial, two of the jurors had a brief conversation with the prosecutor outside of the courtroom. Counsel for the defendant Schram reported this to the court and the judge conducted

an examination, questioning the prosecutor and both jurors in the presence of the defendant's attorney and the court reporter. The court denied the defendant's motion for a mistrial and permitted the trial to continue. At its conclusion the jury found both defendants guilty.

The matter is here on defendant Schram's appeal alleging the following errors:

1. The trial court exceeded its jurisdiction, depriving the defendant of a fair trial and the equal protection of the laws, when it granted the people's motion to consolidate the cases for trial after separate complaint, warrant, examination, and information.

2. The court erred in not granting defendant's motion for a mistrial because of the improper conversation between the prosecutor and members of the jury.

3. The defendant was convicted on perjured testimony.

4. The verdict is in direct contradiction to the great weight of the evidence.

5. The court erred in not instructing the jury to find the defendant innocent.

The fifth allegation of error needs little consideration. No motion to that effect was made, nor indeed, with the evidence of complicity which was in the record, would the court have been justified in ruling as a matter of law that the defendant was innocent. This allegation of error is without merit.

The defendant claims that the jury's verdict is "against the great weight of the evidence". Justice DETHMERS points out that this is a civil case test— the proper test in a criminal case is whether the evidence warrants a finding of guilty beyond a reasonable doubt of the crime charged. *People* v. *Williams* (1962), 368 Mich 494 at page 501.

Witness Seevers testified that he sold the gun to defendant Schram and one Green. Green corroborated this and also testified that Schram told him that he had been with Brock when Brock shot Piper with that gun. If believed, this testimony is ample to support a finding of guilty beyond a reasonable doubt.

So this in turn goes to the third allegation of error, *viz:* that the defendant was convicted on perjured testimony.

As the defendant admits in his brief, the credibility of the witnesses is for the jury's determination but he alleges that there were contradictions which establish the perjury. Unfortunately for his position, the jury didn't so view it and the Court is powerless to tell a jury what to believe. It would serve no good purpose to list all of the authorities for the proposition that credibility of testimony is solely for the jury, since this is not actually in issue, but the principle is reaffirmed in *People* v. *Pettijohn* (1938), 283 Mich 108; *People* v. *Moore* (1943) 306 Mich 29; *People* v. *Ranney* (1943), 304 Mich 315, (page 320):

"The weight to be given the testimony produced by the people was for the sole consideration of the jury. We cannot say that its verdicts were against the great weight of the evidence. There is evidence, if believed by the jury, to warrant a conviction in this case."

In considering the objection to the consolidation of the cases against Brock and Schram we are confronted with the case of *Stuart* v. *People* (1879), 42 Mich 255. In that case the Court said (pp 259, 260):

"No one can be informed against and put upon trial until it has been judicially determined that a crime has been committed, and that there is probable cause to believe him guilty thereof, and whether

this has been done upon a joint or separate complaint, the right of the accused is fully protected. He is not put upon trial for another or different offense than the one upon which he was arrested and examined, or waived examination. He is put upon trial for the same offense, with others who, in like manner, it has been determined, jointly participated with him in the commission of the offense, and if the evidence introduced on the trial, shows they acted together, they have been deprived of no legal right, and have therefore no just cause of complaint."

This indicates that Michigan answers the precise question here presented as the Massachusetts court did in the case of *Commonwealth* v. *Gallo* (1931), 275 Mass 320 (175 NE 718, 79 ALR 1380), wherein the court held that persons separately indicted could be tried jointly.

This leaves only the consideration of the discussion between the prosecutor and the members of the jury.

That such conversation was improper, unwise, and regrettable is not disputed. The question before us is whether the trial judge's refusal to grant a mistrial because of it constituted reversible error.

A motion for a mistrial, just as a motion for a new trial, puts in question the fairness and impartiality of the trial. It is an appeal to the sound discretion of the court.

The rule is well stated in *People* v. *Levey* (1919), 206 Mich 129 at pages 130 and 131:

"Both the people and the defendant were entitled to a trial by a fair, impartial, and unprejudiced jury. It not infrequently happens that incidents occur after the jury is sworn and the trial has progressed which create, or which may tend to create, such a condition of prejudice as prevents a fair, impartial and unbiased disposition of the case by the jury.

This Court has had occasion to consider varying conditions and incidents occurring during the progress of the trial and which were urged as grounds for declaring a mistrial or as a basis for the granting of a new trial. Among the cases see, *Churchill* v. *Alpena Circuit Judge,* 56 Mich 536; *People* v. *Montague,* 71 Mich 447; *People* v. *Evans,* 72 Mich 367; *People* v. *Hull,* 86 Mich 449; *In re Ascher,* 130 Mich 540 (57 LRA 806); *Detroit & T. S. L. R. Co.* v. *Campbell,* 140 Mich 384; *People* v. *Parker,* 145 Mich 488; *Harrington* v. *Calhoun Probate Judge,* 153 Mich 660; *Cooper* v. *Carr,* 161 Mich 405; *People* v. *Sharp,* 163 Mich 79; *Solomon* v. *Loud,* 173 Mich 233 (48 LRA NS 540); *In re Quinn's Estate,* 180 Mich 502.

"In the case of *People* v. *Montague, supra,* it was intimated that proper practice required the presentation of such a question by a motion for a new trial, and that the court should not interrupt the trial to examine into the charges. But this was not necessary to decision and the later cases have recognized the propriety of action by the trial judge upon receiving knowledge of the incident. *In re Ascher, supra; Cooper* v. *Carr, supra; People* v. *Sharp, supra.* In the last cited case it was said [p 83]:

" 'We deem it wholly unimportant whether the juror was disqualified when impaneled and sworn, or whether he became corrupted and disqualified during the progress of the trial. In either case the duty of the court to act when such disqualification is discovered is imperative. Much must be left to the sound sense and good judgment of the trial judge in such a case.' "

In the instant case the Court examined the jurors and the prosecutor in the presence of the defense attorneys. The jurors stated their conversation had to do with the question of how long they would be trying the case and both jurors denied that it would prejudice them for either the defense or the prosecution. The Court was satisfied from their answers

that they could give the defendants a fair and impartial trial.

This appears to meet the test set forth in *People v. Nick* (1960), 360 Mich 219, *People v. Mullane* (1931), 256 Mich 54, and everything indicated in *People v. Levey, supra,* was thereby done.

There is nothing in the record to show an abuse of discretion in denying the motion for a mistrial.

There being no reversible error the decision is affirmed.

QUINN, P. J., and BURNS, J., concurred.