PEOPLE *v.* GALARNO.

1. CRIMINAL LAW—EVIDENCE.
   The proper test of evidence in a criminal case is whether it warrants a finding of guilty beyond a reasonable doubt of the crime charged, not whether the verdict is in direct contradiction to the great weight of the evidence.

2. HOMICIDE—MANSLAUGHTER—EVIDENCE.
   Evidence presented in prosecution of defendant for the murder of her husband *held*, to have presented sufficient basis for the jury's conviction of manslaughter, where on defendant's own admissions, there was ample evidence to support a verdict of guilty beyond a reasonable doubt of first- or second-degree murder (CL 1948, §§ 750.316, 750.317, 750.321).

3. SAME—MANSLAUGHTER—INSTRUCTIONS—EVIDENCE.
   Charge to jury in prosecution of defendant for the murder of her husband *held*, without reversible error, where it appears that evidence was sufficient to substantiate a charge of murder

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 1256 *et seq.*
[2] 26 Am Jur, Homicide § 455 *et seq.*
[3] 26 Am Jur, Homicide § 558 *et seq.*

in the first degree, defendant was convicted of manslaughter, and the trial court properly charged the jury on the degrees of murder and manslaughter (CL 1948, §§ 750.316, 750.321).

Appeal from Huron; Bach (Arthur M.), J. Submitted Division 2 April 6, 1966, at Lansing. (Docket No. 658.) Decided June 14, 1966.

Dorothy Galarno was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John Schubel,* Prosecuting Attorney, for the people.

*Thomas R. McAllister,* for defendant.

T. G. Kavanagh, J. The stormy marriage of William and Dorothy Galarno ended November 11, 1964, when William died as a result of a gunshot wound inflicted on him by Dorothy, November 8, 1964, following an altercation in their house trailer. She was tried for first-degree murder[1] and found guilty of manslaughter[2] by a jury.

The appeal asserts as error:

1. The verdict was against the great weight of the evidence.

2. There is no evidence in the record to support a verdict of manslaughter.

3. The verdict was contrary to the law and facts.

4. The court erred in instructing the jury on first-degree murder.

With regard to the first allegation of error, the test in a criminal case is not whether the verdict was against the great weight of the evidence but whether

---

[1] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).—Reporter.
[2] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).—Reporter.

it warrants a finding of guilty beyond a reasonable doubt. *People* v. *Schram* (1965), 1 Mich App 279;[3] *People* v. *Williams* (1962), 368 Mich 494. The record before us satisfies the test laid down in *Schram* and *Williams*.

As to the second, third, and fourth allegations of error, the defendant admitted going into the decedent's bedroom with a gun in her hand, waking him up to discuss a matter he had said he didn't want to talk about, and shooting him shortly thereafter. She claimed the shooting was in self-defense. On defendant's admissions, there was ample evidence to support a verdict of guilty beyond a reasonable doubt of first- or second-degree murder.[4] Thus there was ample evidence to support a verdict of manslaughter. *People* v. *Milhem* (1957), 350 Mich 497. The trial court properly charged the jury on the degrees of murder and on manslaughter.

Affirmed.

LESINSKI, C. J., and QUINN, J., concurred.

---

[3] This case was affirmed June 8, 1966 on appeal to the Supreme Court, *People* v. *Schram*, 378 Mich 145.—REPORTER.

[4] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).—REPORTER.