### PEOPLE *v.* MOORE

1. CRIMINAL LAW—ASSAULT WITH INTENT TO ROB AND STEAL—RE-CREATION OF ASSAULT.

    Verdict of guilty in trial of defendant for assault with intent to rob and steal *held,* proper where the testimony included a re-creation of the assault by the complaining witness.

2. SAME—PUNISHMENT—DISCRETION OF COURT.

    The Court of Appeals will not interfere with trial court's discretionary imposition of punishment of defendant convicted of assault with intent to rob and steal where sentence was less than statutory maximum of life imprisonment.

Appeal from Genesee, Elliott (Philip C.), J. Submitted Division 2 November 4, 1968, at Lansing. (Docket No. 3,832.) Decided November 25, 1968.

Thomas Moore was convicted of assault with intent to rob and steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*William A. Shaheen,* for defendant.

PER CURIAM. A jury found defendant guilty of assault with intent to rob and steal, CL 1948, § 750.89

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 786, 883.
[2] 5 Am Jur 2d, Appeal and Error § 938.

(Stat Ann 1962 Rev § 28.284) and the court imposed a sentence of 4 to 8 years. The incident engendering this controversy involved a threatened robbery of a taxi driver by a customer wielding a hunting knife. Defendant raises three issues, which we summarily resolve as follows:

(1) Since the testimony included a re-creation of the assault by the complaining witness, the verdict rendered cannot be considered in direct contradiction of the great weight of the evidence. There was sufficient evidence to warrant a conviction. *People* v. *Schram* (1965), 1 Mich App 279.

(2) Although defendant claims that the information should have stated "what was to be robbed and stolen," there is no such requirement under the statutory directive. CL 1948, § 767.44 (Stat Ann 1954 Rev § 28.984).

(3) The sentence was less than the statutory maximum of life imprisonment, and therefore, we will not interfere with the trial court's discretionary imposition of punishment. *People* v. *Pate* (1965), 2 Mich App 66.

There was no reversible error. Conviction affirmed.

McGregor, P. J., and Quinn and Letts, JJ., concurred.