PEOPLE v. WALKER

CRIMINAL LAW—IMPOSITION OF SENTENCE—TRIAL JUDGE'S DISCRETION.

The length of sentence imposed on a defendant is within the discretion of the trial judge as long as it does not exceed the statutory maximum.

Appeal from Berrien, Zick (Karl F.), J. Submitted Division 3 December 4, 1968, at Grand Rapids. (Docket No. 4,283.) Decided December 20, 1968.

James L. Walker was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Tat Parish,* Assistant Prosecuting Attorney, for the people.

*Grathwohl & Grathwohl,* for defendant.

PER CURIAM. Defendant appeals a jury trial conviction of armed robbery. CL 1948, § 750.529 (Stat Ann 1954 Rev § 28.797). On appeal defendant questions the propriety of the introduction of certain exhibits offered by the People on the basis that they

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 583.

should have been excluded inasmuch as some were obtained by an illegal search and seizure and others were not properly identified and connected with the defendant.

Additionally, defendant contends that his sentence was unfair in that he received a sentence of 35 to 60 years, whereas a codefendant convicted at trial of the same offense before another judge received a sentence of 15 to 40 years, and another defendant who pled guilty to the lesser included offense of unarmed robbery received a sentence of 5 to 15 years.

The record substantiates the trial court's finding that the search and seizure were lawful. The seized items were sufficiently identified to warrant their submission to the jury.

It is well settled that the question of sentence is a matter within the discretion of the trial judge so long as he does not exceed the statutory maximum. In this case the sentence was within the prescribed limits.

Affirmed.

R. B. BURNS, P. J., and J. H. GILLIS and CORKIN, JJ., concurred.