## PEOPLE *v.* BRANDON

1. CRIMINAL LAW—SPEEDY TRIAL—DELAY—CAUSE OF DELAY.
   Defendant's claim that he was denied a speedy trial *held* invalid where the delay was caused by defendant himself who failed to appear ·at trial, skipped bond, and did not, when apprehended eight months later, demand a speedy trial.

2. INDICTMENT AND INFORMATION—AMENDMENT—PREJUDICE.
   An information may be amended if it is not prejudicial to the rights of the accused.

3. INDICTMENT AND INFORMATION—AMENDMENT—PREJUDICE—CRIME CHARGED—NEW OFFENSE.
   An information may be amended if it sufficiently apprises defendant of the charge against him and does not constitute a new offense.

4. INDICTMENT AND INFORMATION—LARCENY IN A BUILDING—AMENDMENT—OWNERSHIP OF STOLEN GOODS—MOTION TO DISMISS.
   Allowing an information to be amended to allege the ownership of goods, in prosecution for larceny in a building, was not error where the information as originally drawn used the word "stealing", which apprised the defendant sufficiently of the crime charged, and the amendment did not charge á new offense (CL 1948, § 750.360).

5. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—SAVING QUESTION FOR REVIEW.
   Failure to indorse name of store clerk as a *res gestae* witness in a prosecution for larceny in a building was not reversible error where defendant did not move to indorse any witnesses at trial;· such failure cannot be raised for the first time on a motion for a new trial or on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 252.
[2–4] 41 Am Jur 2d, Indictments and Informations § 171 *et seq.*
[5] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 February 12, 1969, at Detroit. (Docket No. 5,323.) Decided March 26, 1969.

Samuel Brandon, Jr., was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Dennis C. Karas*, Assistant Prosecuting Attorney, for the people.

*Carl L. Bekofski*, for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendant put on some Yankee Store pants under his own, went out through a check-out lane, and was arrested in front of the store. On the following day, after interrogation, he admitted that he hadn't paid for the pants. At trial, being charged with larceny in a building,* he testified that he did pay. Reference to cash register records indicated nonpayment. He was convicted and appeals.

Defendant alleges denial of a speedy trial. The record, however, shows that a bench warrant was issued for defendant, who did not *appear* at trial, having skipped bond. He was apprehended eight months later. No demand for speedy trial was made and the entire situation appears to have been of his own making. See *People* v. *Foster* (1933), 261 Mich 247.

---

* CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

The information was amended because it failed to state the ownership of the pants and this is urged as a ground of error.

A review of cases on this point reveals that the trial court correctly denied a motion to dismiss on the ground that the original information did not properly charge a crime. An information may be amended if amendment is not prejudicial to the rights of the accused. *People* v. *Watson* (1943), 307 Mich 596. In addition, it may be amended if, as drawn, it sufficiently apprises the defendant of the charge against him and does not constitute a new offense. *People* v. *Monick* (1939), 283 Mich 195. Here, the word "stealing" sufficiently apprised the defendant of the offense.

Defendant also alleges error in failure to indorse the name of the check-out clerk as a *res gestae* witness on the information.

A search of the record reveals no motion to indorse the names of any witnesses. Such failure cannot be raised for the first time on a motion for new trial or on appeal. *People* v. *McIntosh* (1967), 6 Mich App 62.

Affirmed.