PEOPLE *v.* CLIFFORD JORDAN

1. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—JURY QUESTION.
   The weight to be given the testimony produced by the people at the trial of a criminal case is for the sole consideration of the jury, and defendant's conviction of forcible rape and armed robbery was supported by adequate evidence where the victim testified concerning the facts of the crimes and made a positive unwavering identification of defendant.

2. CRIMINAL LAW—TRIAL—ARGUMENTS TO JURY—PROSECUTOR.
   It is not proper for the prosecutor to tell the jury that he believes defendant to be guilty, but it is not improper for a prosecutor to argue from the testimony that the defendant is guilty and to state whether the evidence convinces him and should convince the jury of such guilt; therefore a statement by the prosecutor in his closing argument to the jury that under the facts and circumstances of the case it would be a travesty of justice for defendant to go free is not grounds for reversal.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 August 19, 1969, at Lansing. (Docket No. 7,399.) Decided October 1, 1969.

Clifford Jordan, Jr., was convicted of forcible rape and robbery armed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Rape §§ 100–111.
46 Am Jur, Robbery §§ 50–54.
21 Am Jur 2d, Criminal Law § 226.
[2] 53 Am Jur, Trial § 486.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: Danhof, P.J., and McGregor and Bronson, JJ.

Per Curiam. Clifford Jordan, Jr., was tried by jury and convicted on two counts of an information charging carnal knowledge of a female over the age of 16 contrary to CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788) and robbery armed contrary to CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

Two issues are advanced in support of this appeal. It is contended that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. It is also contended that the prosecution caused reversible error by stating in his closing remarks to the jury that he believed the defendant was guilty. The plaintiff has filed a motion to affirm the lower court conviction.

Defendant contends that the only evidence which linked him to the crimes was the eyewitness testimony of the complainant which it is contended was "superficial at best." The record demonstrates that the complainant made a positive unwavering identification. The credibility of this identification is further supported by the fact that she had recognized the defendant in the neighborhood previous to the assault.

"The weight to be given to the testimony produced by the people was for the sole consideration of the

jury. We cannot say that its verdicts were against the great weight of the evidence. There is evidence, if believed by the jury, to warrant a conviction in this case." *People* v. *Ranney* (1943), 304 Mich 315, 320. See, also, *People* v. *Schram* (1965), 1 Mich App 279.

Defendant's second issue is grounded on the prosecutor's closing remarks to the jury.

"And I say to you, members of the jury, from this positive testimony of this complainant, Mrs. Duke, and from the facts and circumstances of this case there would be a travesty of justice for this defendant to go free and I think you, members of the jury, as a prosecutor that I would be remiss in my duties after sitting here in court and hearing this testimony if I did not ask you, members of the jury, to find this defendant guilty of both charges, armed robbery and rape."

It is contended that the foregoing remark was an expression of opinion and belief as to defendant's guilt contrary to the rule enunciated in *People* v. *Quick* (1885), 58 Mich 321.

While it is not proper for the prosecutor to tell the jury that he believes the defendant to be guilty,

"[I]t is not error for a prosecutor to argue from the testimony that the defendant is guilty and to state whether the evidence convinces him and should convince [the jury] of such guilt." *People* v. *Bigge* (1941), 297 Mich 58, 68, cited and discussed in 2 Gillespie, Michigan Criminal Law and Procedure, § 621.

**The motion to affirm the conviction is granted.**