## PEOPLE *v.* FORD

1. CRIMINAL LAW—PRINCIPAL—ACCESSORY.

   The distinction between principal and accessory has been abolished (MCLA § 767.39).

2. SEARCHES AND SEIZURES—CRIMINAL LAW—EVIDENCE—COMPANION CASE—ADMISSIBILITY.

   Seized evidence held to be admissible in a companion case decided before defendant's trial for armed robbery was also admissible in defendant's case inasmuch as both defendants were involved in the same offense and were in the same vehicle where their apprehension and the alleged illegal search and seizure occurred.

3. SEARCHES AND SEIZURES—CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

   Police seizure of loose money, a pistol, face masks, and keys to a robbed store, found in an automobile in which defendant and three others were sitting, was not an illegal search and seizure.

4. CRIMINAL LAW—ROBBERY, ARMED—EVIDENCE—SUFFICIENCY.

   Evidence showing that defendant was one of four persons apprehended within ten minutes of an armed robbery while sitting in an automobile surrounded by loose money, a pistol, face masks, and keys to the robbed store, if believed, could lead to a reasonable inference that defendant was a party to the offense, it being difficult to believe that he took no part in the actual robbery (MCLA § 750.529).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   21 Am Jur 2d, Criminal Law § 115 *et seq.*
[2]   29 Am Jur 2d, Evidence § 424.
[3]   47 Am Jur, Search and Seizure § 52 *et seq.*
[4]   46 Am Jur, Robbery § 50 *et seq.*
[5, 6]   5 Am Jur 2d, Appeal and Error § 883.

5. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — REASONABLE
    DOUBT.

    A reviewing court will not interfere with a jury's determination
    where there is evidence from which a jury could reasonably
    find a defendant guilty beyond a reasonable doubt.

6. CRIMINAL LAW—EVIDENCE—JURY—VERDICT—REASONABLE DOUBT.

    The test for a jury verdict in a criminal case is whether the
    evidence warrants a finding of guilty beyond a reasonable
    doubt of the crime charged, not whether the verdict is against
    the great weight of the evidence.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 October 7, 1969, at Grand Rapids. (Docket No. 4,620.) Decided October 27, 1969.

Lewis Ford was convicted by a jury of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*Butzbaugh, Page & Butzbaugh,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. Defendant appeals a jury-trial conviction of armed robbery. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). On appeal, defendant questions the propriety of the introduction of certain exhibits offered by the people on the basis that they should have been excluded inasmuch as some were obtained by an illegal search and seizure, and others were not properly identified and connected with the defendant. Defendant further con-

tends there was insufficient evidence to support a finding of guilty beyond a reasonable doubt.

Defendant's first issue has been previously decided in the companion case of *People* v. *Walker* (1968), 15 Mich App 25. Walker and the present defendant, Lewis Ford, were involved in the same offense and were in the same vehicle where apprehension and the alleged illegal search and seizure of evidence took place. In *Walker,* the Court of Appeals held (p 26):

"The record substantiates the trial court's finding that the search and seizure were lawful. The seized items were sufficiently identified to warrant their submission to the jury."

*People* v. *Walker, supra,* establishes that the evidence seized was admissible. It is difficult to believe that one of the four persons apprehended within 10 minutes of the robbery while sitting in an automobile surrounded by loose money, a pistol, face masks, keys to the robbed store, etc., took no part in the actual robbery. The distinction between accessory and principal has been abolished. MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

Evidence produced at trial, if believed, could certainly lead to a reasonable inference that this defendant was a party to the offense.

Where there is evidence from which a jury could reasonably find a defendant guilty beyond a reasonable doubt, a reviewing court will not interfere with the jury's determination. The test is not whether the verdict is against the great weight of the evidence, but whether the evidence warrants a finding of guilty beyond a reasonable doubt of the crime charged. *People* v. *Schram* (1965), 1 Mich App 279; *People* v. *Jones* (1965), 1 Mich App 633; *People* v. *Washington* (1966) 4 Mich App 453; *People* v. *Galarno* (1966), 3 Mich App 491.

Appellate courts do not constitute a reviewing jury and do not hear cases anew upon the evidence presented in a criminal case. *People* v. *Eagger* (1966), 4 Mich App 449; *People* v. *Arither Thomas* (1967), 7 Mich App 103.

In the instant case there was ample evidence to support a finding of guilty beyond a reasonable doubt by the jury. Defendant was given a fair and impartial trial; there was no miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.