### PEOPLE v. LABADIE

CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—DEFENDANT'S PHYSICIAN—EMERGENCY TREATMENT.

> A physician who performed emergency surgery on the defendant for wounds sustained at the scene of the crime with which the defendant was charged was properly not indorsed on the information because the physician was not a *res gestae* witness.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 May 8, ary 15, 1971. Leave to appeal denied May 11, 1971, 384 Mich 839.

———————

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 83, 737.

John Edward Labadie was convicted of assault with intent to commit great bodily harm less than murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

Before:  V. J. Brennan, P. J., and McGregor and Ager,* JJ.

Ager, J.  Defendant was found guilty by a jury of the crime of assault with intent to commit great bodily harm less than murder and was sentenced to a term of seven and one-half to ten years in prison.  MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).  On appeal, defendant raises five claims of error.

First, defendant asserts that the physician who performed emergency surgery on him for a gun shot wound sustained at the scene of the crime should have been indorsed as a *res gestae* witness.  The Court is of the opinion that the physician who treated defendant was not a *res gestae* witness.  The question would arise as to whether the people would have the right to present defendant's physician's testimony as it may well be of a privileged nature, with only the defendant having the right to waive this privilege.  The defendant would have the right to call this witness if he desired.  In addition, an examination of the record on appeal fails to disclose that a motion for indorsement was made in the trial court and, consequently, the question

---

* Circuit judge, sitting on the Court of Appeals by assignment.

may not be raised for the first time on appeal. *People* v. *Brandon* (1969), 16 Mich App 601.

Second, defendant claims that the failure of the trial court to adjourn the trial until certain hospital records could be located denied him a full and fair hearing. An examination of the record on appeal fails to disclose any abuse of discretion by the trial court, *People* v. *Knox* (1961), 364 Mich 620, nor did the unavailability of the hospital records result in a miscarriage of justice which would require reversal. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Third, defendant's contention, made for the first time on appeal, that the information did not apprise him of the crime for which he was charged is without merit, as the information clearly states the charge brought against him. *People* v. *Burd No. 1* (1968), 13 Mich App 307.

Fourth, defendant questions the sufficiency of the evidence offered by the people in support of the jury's verdict of guilty. An examination of the record on appeal indicates that the evidence was such that, if believed, a jury might find the defendant guilty beyond a reasonable doubt of the crime charged. *People* v. *Schram* (1965), 1 Mich App 279; *People* v. *Clifford Jordan* (1969), 19 Mich App 356; *People* v. *Ford* (1969), 19 Mich App 519.

Last, defendant claims that the court erred in giving the jury the standard instructions to the effect that no consideration could be given to the defendant's exercise of his right not to testify at the trial. No objection was made by defendant to this charge at the trial. This Court is of the opinion that the trial judge acted properly in giving this instruction and that it was not prejudicial to the

defendant. *People* v. *Waters* (1969), 16 Mich App 33.

Affirmed.

All concurred.