## Levi Wilson v. The People.

*Assault with intent to murder: Intent: Verdict.* An indictment, charging a respondent with an assault with intent to "murder," is not made out without proof of such an intent as would have made the killing murder, if death had followed. A verdict that the respondent was guilty of an "*assault with intent to kill,*" amounts to no more than a finding that he was guilty of a mere assault, which is a misdemeanor, and not a felony.

*Assault with intent to kill.* There is no statutory offense in this state consisting of an assault with "intent to kill." And as all killing is not felonious or malicious, or even unlawful, such an intent will not necessarily involve guilt or malice, so as to make the killing murder. There is no such qualified assault at common law, differing in any way from a simple assault.

*Statute construed: Excess of judgment in criminal cases; Imprisonment.* The statute, which provides that a criminal judgment of fine or imprisonment in excess of what is allowed by law shall only be reversed "in respect to the unlawful excess" (*Sess. L., 1867, p. 223*), does not apply to cases where a party

is sentenced to imprisonment in the state prison, for an offense only punishable by imprisonment in the county jail. There is such a difference in these kinds of imprisonment, that one cannot in any case be substituted for the other; and an appellate court cannot know what term would have been given, had the court below understood the respondent could only be imprisoned in the county jail. In such a case the erroneous judgment must be reversed entirely.

*Submitted on briefs April 2. Decided April 10.*

Error to Cass Circuit.

*Clisbee & Smith*, for plaintiff in error.

*Dwight May, Attorney-General*, for the People.

CAMPBELL, J.

Plaintiff in error was indicted for an assault upon one Lazarus Cumbo, with intent to murder him. Under instructions from the court authorizing such a finding, the jury brought in a verdict of guilty "of an assault with intent to kill." On this verdict sentence was given of imprisonment in the state prison. Error is assigned on this sentence, as well as upon other matters, and the principal question is whether the verdict authorized it.

The statutes of this state do not expressly provide, as those of some other states do, for the punishment of assaults with intent to kill. They punish assaults with "intent to commit the crime of murder," and with intent to commit "burglary or any other felony." The error assigned rests upon the ground alleged, that this verdict does not show an assault with intent to commit any felony.

Where a specific intent is required by law to complete a crime, no description of that crime can be complete without it. The statutes in question all contemplate the complete commission of one crime which is a misdemeanor, with the intent to commit another complete crime which would be a felony. And if the act described as intended, is not so described as to show it to be a felony,

the crime actually completed must stand as if no such design existed. The assault not qualified by a felonious intent is a simple misdemeanor.

It cannot be maintained that an assault, with intent to commit a felony, was in itself felonious at common law. And we have not been able to find any such specific crime as an assault with intent to kill included by the common law as a separate form of crime. It stands purely on a statutory footing.

This verdict can only stand as a statutory conviction, on the same grounds which would maintain it if the indictment had been drawn in the same terms. It is good if an indictment would be good specifying the only intent to have been an intent to kill. If an intent to kill is an intent to commit felony, then the case is clear. If not, it is difficult to see on what principle the verdict amounts to any more than a conviction of simple assault.

It needs no argument to show that an indictment for "killing" a person would not amount to a charge of felonious killing, because killing may·be lawful or excusable. It is not unlawful in some cases to slay a person intentionally; and an intent to kill, therefore, is not of necessity an unlawful or felonious intent.

The confusion in the present case arises from an attempt to combine the assault with the intent, as if the intent covered it, and so eke out the deficient description. Possibly, under an indictment for a completed crime, evidence of an assault may furnish the necessary evidence of the design in most cases, for the circumstances would frequently disclose it. But the allegation of the intent qualifying an assault must, according to all the authorities, be complete in itself. In the case of *The King v. Montieth, 2 Leach Cr. Ca., 809,* the indictment charged an assault with intent to feloniously take and steal from the person, and against the will, of a

person named, his personal chattels. But it was held not equivalent to an averment of an assault with an intent to rob, because the violence was not recited in the statement of the intent. Every assault is in law an act of violence, and had the accused stolen the goods, evidence of the assault would have made out the complete offense of robbery. A new indictment containing the word "violently" was held good.—See also, *2 Bish. Cr. Pr. Bk. XI., Ch. 6.*

We think the verdict amounts to no more than a conviction of an assault, which is not punishable by imprisonment in the state prison.

The effect of an erroneous sentence, as decided in *Elliott v. People, 13 Mich., 365,* is to require a reversal without further proceedings, unless the statute of 1867 enables us to save the judgment by modifying it. That statute provides that a judgment of fine or imprisonment, in excess of what is allowed by law, shall only be reversed "in respect to the unlawful excess."

But the law has made a radical difference in principle between imprisonment in the state prison and elsewhere. Imprisonment in the state prison, for any period whatever, is made the criterion between misdemeanor and felony. Imprisonment for an hour in the state prison would be unlawful in punishment of a misdemeanor. And we have no means of judging what imprisonment in the county jail would have been awarded by the judge had he regarded the verdict as one for an assault. We cannot know that a fine would not have been awarded, as is very generally done in such cases. The statute only applies where the sentence exceeds a statutory maximum, but is correct in its kind.

The judgment must be reversed and the prisoner discharged.

The other Justices concurred.