PEOPLE v. SMITH

CRIMINAL LAW — JURY — VERDICTS — INSTRUCTIONS — ASSAULT
AND BATTERY.
    Verdict of "assault with intent", not clarified or made more
      specific when the jury returned its verdict, was one of simple
      assault where defendant was charged in an information with
      (1) indecent liberties, and (2) statutory rape and the trial
      judge had instructed the jury that there were five possible
      verdicts:  (1) guilty of statutory rape, (2) guilty of assault
      with intent to commit rape, (3) guilty of taking indecent
      and improper liberties, (4) guilty of assault and battery, (5)
      not guilty.

Appeal from Court of Appeals, Division 2,
Lesinski, C. J., and Quinn and Moody, JJ., modify-
ing Oakland, William R. Beasley, J.   Submitted
May 6, 1970.  (Calendar No. 4, Docket No. 52,343.)
Decided June 1, 1970.

14 Mich App 502, affirmed.

Donald Lee Smith was sentenced for assault with
intent to commit rape.  Defendant appealed to the
Court of Appeals.  Judgment modified and defend-
ant discharged.  The people appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Dennis Donohue,* Chief
Appellate Counsel, for the people.

*John T. Rogers,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery §§ 9, 37, 50.

ADAMS, J.  The defendant was charged in a two-count information with 1) indecent liberties,[1] and 2) statutory rape.[2]  At the conclusion of a jury trial, the court, in his instructions to the jury, recited the original information to the jury but, after doing so, the court proceeded to refer to the separate offenses in reverse order—1) statutory rape, and 2) indecent liberties.  The court then instructed the jury that there were five possible verdicts as follows:

"1. Guilty of statutory rape.

"2. Guilty of assault with intent to commit rape.

"3. Guilty of taking indecent and improper liberties.

"4. Guilty of assault and battery.

"5. Not guilty."

The jury returned with its verdict and the following conversation took place between the clerk and the jury foreman:

"*The Clerk:* Members of the jury, have you agreed upon a verdict?  If so, let your foreman speak.

"*Jury Foreman:* We have agreed upon a verdict. We find the defendant not guilty on charge one, guilty on charge two.

"*The Clerk:* Members of the jury, listen to your verdict as recorded.  You do say upon your oath that you find the respondent, Donald Lee Smith, guilty of the crime of the second count?

"*Jury Foreman:* On the second count.

"*The Clerk:* Indecent liberties, is that it?

"*Jury Foreman:* No, assault with intent.

"*The Clerk:* Assault with intent in the manner and form as the People have, in their information, charged, so say you, Mr. Foreman, so say you, all members of the jury?

"*The Jury:* We do."

---

[1] MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).—REPORTER.
[2] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).—REPORTER.

Defendant was sentenced for five to ten years for assault with intent to commit rape.[3] Upon motion for new trial, defendant argued that the jury verdict was merely one of "guilty of simple assault" and that defendant had been sentenced for a longer period than the law would permit. The trial court rejected the argument. Defendant appealed. The Court of Appeals held that the verdict described no crime other than simple assault, modified the trial court's judgment and discharged the defendant (14 Mich App 502). We granted leave (382 Mich 772).

The question as stated by the People is: Did the verdict authorize the judgment?

The People acknowledge that under the authority of *Wilson* v. *People* (1872), 24 Mich 410, and *Wright* v. *People* (1876), 33 Mich 300, this Court has held that the verdict of the jury controls. This is the case even when, as in *Wright,* the judge has restated the verdict by asking the jury if they find the prisoner guilty as charged in the information and the jury nod assent. The People contend, however, that the modern rule of jury verdict construction is that a verdict should be reasonably construed in such a manner as to give it the meaning intended by the jury, and should be set aside only for uncertainty when its meaning cannot be reasonably determined.

In this case, the only verdict of the jury that can be clearly deduced from the record is the final statement of the jury foreman, "assault with intent." Trial by jury is a basic constitutional right. Defendant, as a part of such right, is entitled to a verdict by the jury. While counsel or the court have every right to insist that a jury make clear what its verdict is, it is the verdict of the.jury that must stand. In this case, we agree with the Court

---

[3] MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).—Reporter.

of Appeals that the verdict of the jury was one of simple assault. The Court of Appeals is affirmed.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and T. G. KAVANAGH, JJ., concurred with ADAMS, J.