## PEOPLE v RICHARD JOHNSON

1. ASSAULT AND BATTERY—FELONIOUS ASSAULT—INTENT.

   Felonious assault is not a specific intent crime but is merely a simple assault committed with a dangerous weapon and the only intent required is the intent necessary to constitute a simple assault.

2. ASSAULT AND BATTERY—FELONIOUS ASSAULT—DEFENSES—INTOXICATION.

   The defense of voluntary intoxication is not available to a charge of felonious assault because felonious assault is not a specific intent crime but rather a simple assault committed with a dangerous weapon.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 June 6, 1972, at Lansing. (Docket No. 12309.) Decided August 29, 1972.

Richard Thomas Johnson was convicted of felonious assault, malicious destruction of police department property, and discharge of a firearm. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald M. Stevens,* Prosecuting Attorney, and *Arnold D. Dunchock,* Assistant Prosecuting Attorney, for the people.

*Ralph B. Hoschner,* for defendant on appeal.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assault and Battery §§ 13, 20, 59.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

VAN VALKENBURG, J. Defendant was found guilty on three counts. Originally the first one charged him with assault with the intent to commit murder, MCLA 750.83; MSA 28.278, but the jury found him guilty of the lesser included offense of felonious assault, being MCLA 750.82; MSA 28.277. The second count carried the charge of malicious destruction of police department property, MCLA 750.377b; MSA 28.609(2), and the third one with the discharge of a firearm intentionally but without malice, MCLA 750.234; MSA 28.431.

The defense at trial was one of intoxication. The trial court charged the jury that intoxication would negative the specific intent necessary for the crimes set forth in counts two and three and the intent necessary to convict for assault with intent to murder and assault with intent to commit great bodily harm less than murder; however, the trial court refused defendant's request to charge that intoxication was a defense to felonious assault. The court held and charged the jury that felonious assault was not a specific intent crime, and, therefore, intoxication was not a defense.

On appeal defendant asserts that the trial court erred in refusing to instruct the jury that felonious assault contrary to MCLA 750.82, *supra,* is a specific intent crime and thus subject to the defense of intoxication. In support of his position defendant cites *People v Crane,* 27 Mich App 201 (1970). See, also, *People v Dozier,* 39 Mich App 88 (1972). While *Crane, supra,* does hold that felonious assault is a specific intent crime, there is no citation of authority for that proposition, but rather the mere statement that:

"Plaintiff concedes that the trial court correctly ruled that felonious assault is a specific intent crime."

On the other hand the Supreme Court in *People v Burk,* 238 Mich 485, 489 (1927), in construing the felonious assault statute, held:

"We think the instruction asked is objectionable in that it assumed that intent was a necessary element of the offense charged. The only elements necessary for the jury to find were that defendant made an assault with a dangerous weapon, and that he did not intend to commit murder or the offense of great bodily harm less than the crime of murder. If defendant assaulted Foster with a dangerous weapon he would be guilty of the offense charged, regardless of his intent to injure him, if he did not intend to commit murder or great bodily harm less than the crime of murder."

See, also, *People v Childs,* 11 Mich App 408, 411 (1968); *People v Hooper,* 36 Mich App 123, 125 (1971).

Our reading of the felonious assault statute forces us to conclude that felonious assault is not a specific intent crime. MCLA 750.82, *supra,* provides:

"Felonious assault—Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

By the clear language of the statute the crime is merely a simple assault committed with a dangerous weapon.[1] While the statute specifically excludes certain types of specific intent, the only

---

[1] The use of the term "felonious assault" to describe the crime may well be much of the cause for the mistaken impression that it is a specific intent crime. The term "felonious assault" connotes a felonious intent, whereas the statute really encompasses the crime of "assault" with a dangerous weapon.

intent that would appear to be required is the intent necessary to constitute a simple assault.

As stated in *People v Comstock,* 115 Mich 305, 312 (1897):

> "Voluntary intoxication may be a defense to persons charged with some offenses, where it is of a degree which enables a jury to say that the accused was incapable of forming the specific and requisite intent. Thus an *assault and battery is not excused by voluntary drunkenness,* but the more aggravated offenses depend upon the accompanying intent prescribed in each case, and anything that tends to show its absence is a defense." (Emphasis supplied.)

Since assault and battery is not a specific intent crime that is excused by voluntary drunkenness,[2] and felonious assault as defined by MCLA 750.82, *supra,* is but an assault committed with a dangerous weapon, felonious assault is not a specific intent crime to which the defense of voluntary intoxication is available.[3] The trial court's charge

---

[2] For a general discussion of the defense of intoxication in its historical perspective, see *People v Guillett,* 342 Mich 1 (1955), and Judge LEVIN's exhaustive analysis of the subject in *People v Kelley,* 21 Mich App 612 (1970).

[3] This is in accord with the general rule as found in 6 Am Jur 2d, Assault and Battery, § 53, p 51:

"A specific intent is not essential to support a charge of assault with a dangerous or deadly weapon. The offense may be committed although the purpose of the perpetrator is not to injure the victim, but merely to frighten him. Nor is it essential to the crime of assault with a dangerous weapon that the assault be followed by a battery, or that any bodily hurt be inflicted."

See, also, 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1044, p 1436, wherein it is stated:

"The elements of a felonious assault are an assault with a dangerous weapon, without intent to commit murder and without intent to inflict great bodily harm less than the crime of murder. Inasmuch as the statute speaks of an assault with a revolver or other dangerous weapon, and as the offense covered thereby was formerly punished as a simple assault, we must infer that, in the use of the term 'assault,' the legislature intended the same to carry its ordinary meaning in connection with the crime of offered violence. Evidently feeling that the penalty for simple assault did not meet occasions where a danger-

in the instant case was thus proper.[4]

Defendant further asserts that reversible error arose from the fact that the trial court refused to charge the jury as to assault and battery. Since the defendant was neither charged with a battery and there was no proof at trial that a battery took place, the trial court properly refused to so charge. See *People v Membres,* 34 Mich App 224 (1971), *lv denied* 386 Mich 790 (1972); *People v Busby,* 34 Mich App 235 (1971), *leave den* 386 Mich 790 (1972); *People v Netzel,* 295 Mich 353 (1940). Defendant's remaining allegation of error is without merit.

Affirmed.

All concurred.

---

ous weapon was employed, the legislature fixed a greater penalty for such aggravated assaults, but did not eliminate the question of intent or purpose involved in every assault of a criminal nature. Whether the statute raised the grade of the offense from simple assault, or, sought to cover offenses not included within assaults with specific intents, it is midway between offenses involving a purpose to exercise violence and assaults involving a felonious intent. The offense is one intermediate between simple assault and battery and assault with intent to inflict great bodily harm less than the crime of murder."

[4] Notwithstanding the discussion set forth herein with regard to the question of whether "felonious assault" is a specific intent crime, it is clear that no reversible error resulted. Even if "felonious assault" is a specific intent crime, the refusal of the trial court to so charge the jury was merely harmless error since the jury found defendant guilty of the malicious destruction and firearm counts, both of which included an intoxication charge. Since all three counts arose out of the same altercation, it is obvious that the jury did not find that defendant was so intoxicated as to negative his ability to form a specific intent.