PEOPLE v GUIDRY

OPINION OF THE COURT

1. CRIMINAL LAW—JURY VERDICT—ASSAULT—SENTENCING—CLARIFI-
   CATION OF VERDICT.
   The Court of Appeals cannot assume what the jury did not state
   or affirm, and where the jury found a defendant guilty of
   assault to commit robbery while armed, the trial judge could
   not sentence for assault with intent to rob while being armed;
   the trial court has a right and a duty to clarify or attempt to
   clarify a verdict before discharging the jury.

2. ASSAULT AND BATTERY—ASSAULT—DESCRIPTION OF CRIME.
   Assault to commit robbery while armed describes no crime other
   than simple assault.

3. ASSAULT AND BATTERY—ASSAULT—TWO CONVICTIONS—DIFFERENT
   SPECIFIC INTENT.
   One assault may result in two convictions, as where the offenses
   involve different specific intents.

4. ASSAULT AND BATTERY—SIMPLE ASSAULT—FELONIOUS ASSAULT—
   SPECIFIC INTENT.
   Simple assault and felonious assault do not require specific in-
   tent.

5. CRIMINAL LAW—DOUBLE JEOPARDY—ASSAULT—INCLUDED OFFENSES
   —FELONIOUS ASSAULT—DANGEROUS WEAPONS—SAME OFFENSE
   —MULTIPLE PUNISHMENTS—ADDITIONAL FACTS.
   Assault is an included offense of felonious assault, felonious

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial §§ 1163, 1168, 1169.

[2] 67 Am Jur 2d, Robbery § 7.

[3–6] 6 Am Jur 2d, Assault and Battery §§ 50 *et seq.*, 57.

[5] 6 Am Jur 2d, Arrest § 69.

[7] 5 Am Jur 2d, Arrest § 69.

21 Am Jur 2d, Criminal Law §§ 314, 357, 440 *et seq.*

29 Am Jur 2d, Evidence §§ 555–557.

Necessity of informing suspect of rights under privilege against self-
incrimination, prior to police interrogation. 10 ALR3d 1054.

[8] 76 Am Jur 2d, Trial § 1142.

assault being an assault made with a dangerous weapon; a lesser included offense and the greater offense are the same offense for multiple punishment purposes since the lesser is a necessary element of the greater and each does not require proof of an additional fact which the other does not; where a defendant is found guilty of one offense of what is in reality simple assault and a second offense of felonious assault arising out of the same single act, he is punishable twice for the same offense and under such circumstances the Court of Appeals will vacate the defendant's misdemeanor conviction for simple assault.

6. CRIMINAL LAW—JURY INSTRUCTIONS—LESSER INCLUDED OFFENSES—FAILURE TO OBJECT—DEFENDANT'S OWN TESTIMONY.

A defendant's claim that it was improper for the trial judge to have instructed the jury on the lesser included offenses of unarmed robbery and assault with intent to rob being unarmed since these offenses were not factually in issue is without merit where in addition to defendant's failure to object at the trial to the challenged instructions, defense counsel affirmatively expressed satisfaction with the instructions and the record shows that the defendant's own testimony put in issue whether any robbery or assault was armed or unarmed.

7. CRIMINAL LAW—CONSTITUTIONAL LAW—EVIDENCE—MIRANDA WARNINGS—DEFENDANT'S STATEMENTS—RECOGNITION OF RIGHTS—WAIVER OF RIGHTS—VOLUNTEERED STATEMENTS.

Volunteered statements are not barred and their admissibility is not affected by the *Miranda* decision; thus where a statement made by a defendant to police was admitted into evidence it did not violate the defendant's constitutional rights where the defendant had been read his rights before an interview by the police and during the interview he signed a written recognition of rights and waiver of rights, and then was returned to his cell after he stated that he wished to say nothing further until he talked to an attorney, and then after a delay of 30 or 40 minutes he summoned the officers and told them that he had changed his mind and wished to talk to them, and then proceeded to give the statement.

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW—JURY VERDICTS—CONSTRUCTION OF VERDICTS—JURY'S INTENT—TECHNICAL LEGAL PROVISIONS.

*A verdict should be reasonably construed so as to give it the*

*meaning intended by the jury, and should be set aside only for uncertainty when its meaning cannot be reasonably determined; where the jury's intent is quite clear, it is to exalt form over substance to set aside a verdict for the failure of the jury to state its verdict with technical legal precision.*

Appeal from Berrien, William S. White, J. Submitted November 6, 1975, at Grand Rapids. (Docket No. 22282.) Decided March 8, 1976.

Donnell Guidry was convicted of assault to commit robbery while armed and felonious assault. Defendant appeals. The conviction of assault to commit robbery while armed is modified and vacated. The conviction of felonious assault is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John Smietanka,* Prosecuting Attorney, *Patrick Murphy,* Assistant Prosecuting Attorney, and *John Long,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant was charged with armed robbery, MCLA 750.529; MSA 28.797, and with assault with intent to commit murder, MCLA 750.83; MSA 28.278. At trial the jury found defendant guilty of "assault to commit robbery while armed" on Count I and felonious assault, MCLA 750.82; MSA 28.277, on Count II. He was given concurrent sentences of 10 to 50 years in prison on Count I and 2 to 4 years on Count II.

I.

The first issue raised by defendant involves the jury's verdict of "guilty of assault to commit robbery while armed". After accepting the verdict and dismissing the jury, the trial court informed the defendant that he had been found guilty of the offense of "assault to commit robbery while armed". At sentencing the court informed the defendant that he had been found guilty of assault *with intent* to rob while being armed, MCLA 750.89; MSA 28.284, and sentenced him accordingly.

Defendant argues that the jury's verdict was sufficient only to convict him of simple assault. We agree. *People v McNary,* 43 Mich App 134; 203 NW2d 919 (1972), affirmed on substantive issue, remand for. resentencing reversed and discharge ordered, 388 Mich 799; 201 NW2d 845. See also *People v Smith,* 383 Mich 576; 177 NW2d 164 (1970). The jury's verdict did not include the words "with intent". This leaves open to question whether the jury found the element of intent necessary to convict defendant of the crime for which the court sentenced him. We cannot assume what the jury did not state or affirm. *People v Smith, supra.* "Defendant cannot be sentenced for a crime of which the jury did not clearly find him guilty." *People v McNary, supra,* 143. The trial court did not clarify or attempt to clarify the verdict before discharging the jury, although it had the right and the duty to do so. *People v McNary, supra.* The verdict in question describes no crime other than simple assault. *People v McNary, supra, People v Smith, supra.*

The trial court's judgment is modified accordingly.

## II.

Defendant's next claim of error is that his convictions of assault and of felonious assault constitute double punishment for one offense because both convictions arose from the same act. US Const, Am V; Const 1963, art 1, § 15.

Defendant contends that the evidence demonstrates one continuing assault. Even so, one assault may result in two convictions, as where the offenses involve different specific intents. *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972), *lv den* 387 Mich 790 (1972). Here however the offenses do not involve specific intent, since we held that defendant's conviction on the first count was for simple assault and not for assault with intent to commit robbery while armed. Felonious assault, of course, does not require specific intent. *People v Rohr,* 45 Mich App 535; 206 NW2d 788 (1973).[1]

Assault is an included offense of felonious assault, felonious assault being an assault made with a dangerous weapon. *People v Johnson,* 42 Mich App 544; 202 NW2d 340 (1972). A lesser included offense and the greater offense are of course the "same offense" for multiple punishment purposes, since the lesser is a necessary element of the greater and each does not require proof of an additional fact which the other does not. *Cf. People v Compian, supra, also Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). Thus, to convict a person of felonious assault and of simple assault for the same single act would be to punish twice for the same offense.

[1] On the basis of one assault the jury could have convicted defendant of both assault with intent to rob and assault with intent to murder, since the two crimes involve different specific intents. *See People v Compian, supra.*

Accordingly, unless the conviction for simple assault in this case is based on an act different from that for which defendant was convicted of felonious assault, it must be vacated. The evidence could reasonably support either a finding of one assault or a finding of two assaults. But we have no way of knowing whether the jury believed that there were two separate assaults or only one assault. The jury was never instructed, there being no request to charge, that in order to convict of assault and felonious assault they were required to find two assaults.[2] Under these circumstances we think the better course is to vacate defendant's misdemeanor conviction for simple assault.

## III.

Defendant further contends that it was improper for the trial judge to have instructed the jury on the lesser included offenses of unarmed robbery and assault with intent to rob being unarmed. Defendant argues that these offenses were not factually in issue.

This claim of error is without merit. No objection was made at trial to the instructions challenged here. In fact, defense counsel affirmatively expressed satisfaction. Furthermore, the record shows that the defendant's own testimony put in issue whether any robbery or assault was armed or unarmed.

## IV.

Defendant's final claim of error is that the ad-

[2] Even if the jury had returned convictions of assault with intent to rob being armed on Count I and felonious assault on Count II, they would still have been required to find two separate assaults. Felonious assault is an included offense of assault with intent to rob being armed.

mission into evidence of a statement made by defendant to police violated his constitutional rights. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Defendant turned himself in to the police and was arrested and placed in a holding cell together with Rand, his accomplice. Rand was interviewed by the police and gave a written statement. Rand was returned to the cell and defendant brought out to be interviewed. The police read defendant his rights; defendant signed a written recognition of rights and waiver of rights. After stating that he knew the complainant Washington but had no knowledge of any robbery or assault on Washington, defendant told the police that he did not wish to make any further statements and that he did not want to say anything further until he talked to an attorney. Thereupon, defendant was returned to the holding cell with Rand. Thirty or forty minutes later, defendant summoned the officers and advised them that he had changed his mind and wanted to talk to them. He then gave an exculpatory statement concerning the incident; the statement was put in writing and signed by defendant. The written statement was introduced into evidence at trial as part of the prosecutor's case-in-chief.

Defendant argues that, because the police did not advise the defendant of his rights at the second interview and did not secure a second waiver of rights, the statement given at the second interview was inadmissible. The argument is without merit. When the defendant indicated that he wished to remain silent and to talk with an attorney, the interview ceased. It was at defendant's instance that the second interview took place; defendant summoned the officers and indicated that he wished to talk. Clearly defendant volun-

teered the exculpatory statement. Volunteered statements are not barred and their admissibility is not affected by the *Miranda* decision. *People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974).

The conviction on Count I is modified and vacated. The conviction of felonious assault is affirmed.

T. M. Burns, P. J., concurred.

V. J. Brennan, J. *(dissenting).* I must respectfully dissent from my brother Cavanagh's opinion.

I agree that a defendant cannot be sentenced for a crime of which the jury did not clearly find him guilty, but I find no lack of clarity in this jury's verdict.

I can find no Michigan authority, and I am cited to none, which states rules of construction for jury verdicts. Other jurisdictions have held, however, that errors in the form and statement of findings of a jury will not be grounds for reversal where the error is one merely of form, where it consists of inaccurate use of terms the meaning of which clearly appears from the context, where there is mere incompleteness in the conclusions of law if omissions can be readily supplied and corrected, or where there is a lack of clarity and expression if the meaning is clearly discernible. See 5B CJS, Appeal and Error, § 1788, pp 55–57, and cases cited therein.

The majority relies on *People v McNary,* 43 Mich App 134; 203 NW2d 919 (1972), and *People v Smith,* 383 Mich 576; 177 NW2d 164 (1970). I find neither of these cases apposite to the case at bar. In the *Smith* case there was total confusion regarding the verdict which the jury intended to render. The Michigan Supreme Court found that

the only verdict which could be clearly deduced from the record was the final statement of the jury foreman wherein he stated that the jury found the defendant guilty of "assault with intent". I agree with our highest court that under those circumstances the verdict of the jury could not be construed to convict the defendant of more than simple assault. Likewise, in the case of *People v McNary, supra,* there was confusion regarding the verdict the jury intended to render. The clerk asked for clarification and the trial judge clarified the jury's verdict by stating that they had decided that there was an assault without intent. That case is not totally without difficulty, but that Court held that the trial judge had clarified the verdict, and that the jurors had assented to the judge's clarification, both as a group and when they were polled.

The case at bar is easily distinguished. Here there was no apparent misunderstanding. Neither the court clerk nor the judge asked for a clarification. There was no confusion. Nevertheless, the majority would hold that the jury found the defendant guilty of "assault" but would treat the remainder of the verdict, "to commit robbery while armed" merely as surplusage. This is unreasonable and exalts form over substance. Jurors are not trained in the law, and therefore will often fail to state their verdict with technical legal precision. In my view the jury's intent is quite clear. They intended to convict the defendant of assault with intent to commit robbery while armed.

In *People v Smith, supra,* at 578; 177 NW2d at 166, our Supreme Court observed:

> "The people contend, however, that the modern rule of jury verdict construction is that a verdict should be reasonably construed in such a manner as to give it the

meaning intended by the jury, and should be set aside only for uncertainty when its meaning cannot be reasonably determined."

Without either agreeing or disagreeing with this position, the Supreme Court went on to say that it could clearly deduce only one verdict from the record of the jury's statement. At minimum, our highest Court clearly did not expressly disavow such a rule of construction, and at the very least, assumed such a rule for the purposes of argument in that case. If the Court had wanted to require technical precision in the form of jury verdicts, the *Smith* case presented it with an excellent opportunity to so hold. As the people contend, I would hold that a verdict should be reasonably construed so as to give it the meaning intended by the jury, and should be set aside for uncertainty only when its meaning cannot be reasonably determined.

In the case at bar the trial judge found no ambiguity in the jury's verdict. Neither do I.

I would affirm.