PEOPLE v COMBS

1. CRIMINAL LAW—BREAKING AND ENTERING—ELEMENTS—ACTUAL
   ENTRY—ATTEMPTS.

   Actual entry is not a necessary element of attempted breaking
   and entering with intent to commit larceny.

2. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—CONCLU-
   SIONS—REASONABLE HYPOTHESIS.

   The facts proven at trial to support a conclusion against a
   defendant based on circumstantial evidence must not only
   point to that conclusion, but must also be inconsistent with any
   other reasonable hypothesis favorable to the defendant.

3. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR—REASONABLE MAN
   TEST—REASONABLE DOUBT.

   Evidence presented in a criminal trial, where there is a motion
   for directed verdict of acquittal, is viewed on appeal in the light
   most favorable to the prosecution to determine whether the
   evidence, if credible and believed, would justify a reasonable
   man in concluding that all of the elements of the crime were
   established beyond a reasonable doubt.

4. CRIMINAL LAW—EVIDENCE—MOTIONS—DIRECTED VERDICT—IN-
   CLUDED OFFENSES—REASONABLE MEN—VERDICTS.

   A jury verdict finding a defendant guilty of an attempted offense
   rather than the completed offense as charged does not lead to a
   conclusion that the trial court committed error in denying a
   defense motion for a directed verdict of acquittal on the
   charged offense where the court properly determined in review-

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 24–29.
[2] 29 Am Jur 2d, Evidence § 604.
[3, 4] 30 Am Jur 2d, Evidence §§ 1163, 1168.
[5] 75 Am Jur 2d, Trial §§ 332, 399.
[6] 13 Am Jur 2d, Burglary § 69.
   75 Am Jur 2d, Trial § 876 *et seq.*
[7] 13 Am Jur 2d, Burglary § 69.
   75 Am Jur 2d, Trial §§ 678, 719, 724, 781, 865.
[8] 76 Am Jur 2d, Trial § 1111 *et seq.*

ing the motion that reasonable men *could* have found the defendant guilty as charged on the basis of the evidence presented.

5. Criminal Law—Evidence—Appeal and Error—Conflicting Evidence—Walker Hearing—Entire Record—Clear Error.

A trial court conducting a *Walker* hearing is not required to accept the defendant's version of the incidents surrounding his arrest where two different versions are presented, and the Court of Appeals will not disturb the trial court's finding that the defendant's statements were voluntarily made where a review of the entire record does not reveal that the finding was clearly erroneous.

6. Criminal Law—Breaking and Entering—Instructions to Jury —Included Offenses—Objections—Appeal and Error.

There is no error in the failure of a trial court to instruct on lesser included offenses to the crime of breaking and entering with intent to commit larceny where no request is made for such instructions and no objection appears on the record to the trial court's failure to give them.

7. Criminal Law—Breaking and Entering—Intent—Instructions to Jury—Whole Instructions—Included Offenses.

No manifest injustice resulted from a trial court's instruction on the element of intent in a breaking and entering trial where the instructions as a whole adequately informed the jury that an intent to commit a larceny was an essential element of both the charged offense of breaking and entering with intent to commit larceny and the lesser included offense of attempted breaking and entering with intent to commit larceny of which the defendant was convicted.

8. Criminal Law—Verdicts—Jury—Greater Charge—Restating Statute—Knowledge of Defendant—Record.

A defendant cannot be convicted of a greater charge than a jury clearly states he is guilty of, but the jury is not required to restate all of the statutory language when rendering its verdict; it is enough that the defendant know and a proper record be made of the jury's verdict.

Appeal from St. Clair, Ernest F. Oppliger, J. Submitted April 6, 1976, at Lansing. (Docket No. 23480.) Decided May 20, 1976.

James S. Combs was convicted of attempted

breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was convicted by a jury of attempted breaking and entering with intent to commit larceny. MCLA 750.92; MSA 28.287, MCLA 750.110; MSA 28.305. He received a sentence of 3 to 5 years in prison. Defendant appeals as of right.

Although the defendant was convicted of attempted breaking and entering with intent to commit larceny, he was initially charged with and tried for a completed breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. At trial sufficient evidence was introduced which, if believed by the jury, would support a finding adverse to the defendant on the elements of breaking and intent to commit a larceny. However, the only evidence introduced on the element of entry was the testimony of one of the arresting officers that he found blood on the inside of the broken store window and cuts on the defendant's hands. The defendant moved for a directed verdict of acquittal on the charge of breaking and entering with intent to commit larceny because the evidence of an entry was insufficient. The motion was denied.

Initially, we note that the evidence is clearly sufficient to support the jury's verdict of guilty of attempted breaking and entering with intent to commit larceny. This is because an actual entry is not a necessary element for attempted breaking and entering with intent to commit larceny. *Accord, Harris v People,* 44 Mich 305, 308; 6 NW 677 (1880). The fact that the defendant was convicted of attempted breaking and entering with intent to commit larceny, however, does not moot the issue. As the defendant points out, submitting a charge to the jury where the defendant is clearly not guilty might result in the jury reaching a compromise verdict of guilty of a lesser included offense. *Cf., Price v Georgia,* 398 US 323, 331–332; 90 S Ct 1757; 26 L Ed 2d 300 (1970).

On this point the prosecution's case for the completed offense rested on circumstantial evidence. In order to find against the defendant on an issue based on circumstantial evidence the facts proven must not only point to that conclusion but must also be inconsistent with any other reasonable hypothesis favorable to the defendant. *Accord, People v Millard,* 53 Mich 63, 70–71; 18 NW 562 (1884), *People v Wingfield,* 62 Mich App 161, 163; 233 NW2d 220 (1975). In reviewing a motion for a directed verdict of acquittal, however, we view the evidence presented on the issue at the time of the motion in the light most favorable to the prosecution, and determine whether the evidence, if credible and believed, would justify a reasonable man in concluding that all the elements of the crime were established beyond a reasonable doubt. *People v Fudge,* 66 Mich App 625; 239 NW2d 686 (1976).

Applying these two standards we conclude that there was sufficient evidence presented to submit

the issue of whether the defendant entered the store building to the jury. The fact that the jury did not find the defendant guilty of the completed offense does not mean that the trial court erred in determining that reasonable men *could* find the defendant guilty as charged on the basis of the evidence presented. *Cf., People v Stewart,* 36 Mich App 93, 99; 193 NW2d 184 (1971). To hold otherwise would mean that in any case in which the jury returned a verdict of guilty of a lesser included offense instead of the charged offense the trial court would have committed error in denying a defense motion for a directed verdict of acquittal on the charged offense.

At the time of his arrest defendant made several inculpatory statements to the arresting police officers. Prior to trial he moved to suppress the statements claiming that they were not voluntarily made. At a *Walker*[1] hearing the defendant testified that his recollection of the events surrounding his arrest was very fuzzy. He further testified that during the preceeding afternoon he had consumed 10 to 20 sleeping pills and nearly all of a fifth of wine. He also testified that he did not remember being advised of his constitutional rights.

The two arresting police officers also testified at the *Walker* hearing. One of the arresting officers stated that at the time of the incident the defendant's dress was in disarray; his answers were slow in coming; but his speech was not slurred. The officer also testified the defendant's eyes did not appear to be glazed and the defendant did not appear to be sleepy or unaware of what was going on. In his opinion the defendant appeared blasé

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

rather than depressed. His partner, on the other hand, thought the defendant appeared depressed but stated he did not believe the defendant when the defendant told him that he was "strung out". Both officers stated that they participated in advising the defendant of his constitutional rights.

At the close of the *Walker* hearing the trial court denied the defendant's motion to suppress. In reviewing this ruling we look at the entire record of the *Walker* hearing and reach an independent conclusion. However, we give deference to the findings of the trial court since it is in a superior position to judge the credibility of the witnesses. *People v Hummel,* 19 Mich App 266, 268–270; 172 NW2d 550 (1969).

In reviewing the cold, typewritten transcript of the *Walker* hearing it is clear that there was a conflict between the two versions of the incident presented to the trial court. Since the central issue becomes one of credibility we will not disturb the trial court's findings of fact. *People v Olson,* 66 Mich App 197, 201; 238 NW2d 579 (1975). The trial court was not required to accept the defendant's version of the incident and we cannot say after reviewing the entire record of the *Walker* hearing that the trial court's finding that the defendant's statements were voluntarily made is clearly erroneous. GCR 1963, 517.1, *People v Bradley,* 54 Mich App 89, 97–98; 220 NW2d 305 (1974).

In instructing the jury the trial court read the statute on breaking and entering with intent to commit larceny and the information charging the defendant with breaking and entering with intent to commit larceny. It then defined the elements of breaking and entering with intent to commit larceny, including the element of intent to commit larceny, and defined the elements of attempted

breaking and entering with intent to commit larceny, the only lesser included offense presented. At the close of its instructions the court stated that there were three possible verdicts: (1) "guilty, as charged, of the crime of breaking and entering"; (2) "guilty of the lesser included offense of attempted breaking and entering"; and (3) "not guilty".

The defendant alleges that two errors were committed during the instructions to the jury. First, the defendant states that the instructions inadequately informed the jury and confused the jury on the element of intent to commit larceny. Second, he claims that the trial court incorrectly failed to instruct on the lesser included offenses of breaking and entering without intent to commit a felony or larceny, MCLA 750.115; MSA 28.310, and attempted breaking and entering without intent to commit a felony or larceny. MCLA 750.92; MSA 28.287, MCLA 750.115; MSA 28.310.

In this case we are unable to discern from the record that any request was made for these two lesser included offenses. There being no request for these two lesser included offenses on the record and no objection to the trial court's failure to give them, we are precluded from finding any error. *People v Herbert Smith,* 396 Mich 362; 240 NW2d 245 (1976), *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975).

In reviewing the defendant's claim that the instructions were inadequate and confusing, we note that there was no objection to the trial court's instructions and therefore we will only review the instructions to determine if there is manifest injustice. GCR 516.2, *People v Larry Smith,* 31 Mich App 191; 187 NW2d 490 (1971). We also look at the instructions as a whole and not at

isolated portions of the charge. *People v Green,* 34 Mich App 149, 151; 190 NW2d 686 (1971). If instructions are internally inconsistent, however, we will presume that the jury followed the erroneous instruction. *People v Eggleston,* 186 Mich 510, 514–515; 152 NW 944 (1915), *People v Sangster,* 33 Mich App 712, 715; 190 NW2d 317 (1971).

Applying these rules of review we do not find that any manifest injustice occurred because of these instructions. Contrary to the defendant's contention, the instructions adequately informed the jury that an intent to commit a larceny was an essential element of both the charged offense and the lesser included offense. Unlike *People v Miller,* 35 Mich App 627; 192 NW2d 517 (1971), the trial court independently defined the element of intent to commit larceny.

In addition, these instructions are not manifestly internally inconsistent. The portion of instructions that the defendant claims negates the requirement that the jury find an intent to commit a larceny in order to find the defendant guilty when read in context does not negate that element. While not mentioning the element of intent to commit a larceny, the complained of portions of the instructions were only giving the jury the form of the verdict that they were to render. They did not negate the element of intent to commit a larceny since they referred back to the prior instructions.

The defendant's remaining allegation of error is closely related to the previous one. In returning the verdict the foreman pronounced the defendant "[g]uilty of the lesser included offense of attempted breaking and entering". The defendant argues for the first time on appeal that this verdict can be construed only to mean that the jury found the defendant guilty of the misdemeanor of attempted

breaking and entering without intent to commit a felony or larceny, MCLA 750.92; MSA 28.287, MCLA 750.115; MSA 28.310, and not the felony of attempted breaking and entering with intent to commit a larceny.

It is the general rule in Michigan that the defendant cannot be convicted of a greater charge than the jury clearly states he is guilty of. *Wilson v People,* 24 Mich 410, 412–413 (1872), *People v Smith,* 14 Mich App 502, 504–505; 165 NW2d 640 (1968), *aff'd,* 383 Mich 576, 578; 177 NW2d 164 (1970), *People v McNary,* 43 Mich App 134, 142; 203 NW2d 919 (1972), *modified* 388 Mich 799; 201 NW2d 845 (1972). However, the jury is not required to restate all the statutory language when rendering its verdict. *People v Levey,* 206 Mich 129, 133; 172 NW 427 (1919). The primary requirement is that the defendant know and a proper record be made of the jury's verdict. *People v Stuart,* 274 Mich 246, 248; 264 NW 359 (1936).

In this case while the verdict did not state all the statutory elements, it was clear to the defendant and on the record what crime the defendant was convicted of. The jury returned its verdict in the language of the jury form. *Accord, People v Clyburn,* 55 Mich App 454, 460–461; 222 NW2d 775 (1974). Furthermore, the jury was never informed that it could convict the defendant of breaking and entering without intent to commit a larceny. *Accord, People v Measles,* 59 Mich App 641, 643–644; 230 NW2d 10 (1975). However, it should be noted that it is better practice for the court to request the jury to return its verdict in its full statutory language, and if the jury does not, to clarify the verdict. *People v Holliday,* 44 Mich App 210, 216; 205 NW2d 93 (1972).

Affirmed.