PEOPLE v RAND

Docket No. 57270. Argued October 7, 1976 (Calendar No. 19).—Decided November 23, 1976. Modified on application for rehearing, 399 Mich —.

Joe E. Rand was convicted by a jury in Berrien Circuit Court, William S. White, J., of "assault to commit robbery while armed" and "assault to do great bodily harm less than the crime of murder", omitting reference to intent. Each conviction was of a lesser included offense of the principal charges of armed robbery and assault with intent to murder. The instructions to the jury explained the specific intent required to find the defendant guilty of each offense charged, but the verdict form the jury took into the jury room omitted the element of intent for the highest lesser included offense of each count charged. The trial court, however, inserted the element of intent in stating the verdict on the armed robbery count to the defendant after the jury was discharged, and the defendant did not object. The Court of Appeals, McGregor, P. J., D. E. Holbrook, and N. J. Kaufman, JJ., reversed per curiam because the verdict as written failed to state the element of felonious intent (Docket No. 21847). The people appeal. *Held:*

1. A jury verdict is not void for uncertainty if its meaning can be clearly deduced by reference to the pleadings, the court's charge to the jury, and the entire record. Jurors are not trained in the law, and therefore will often fail to state their verdict with technical legal precision. The jury is not required in orally rendering its verdict to state all the language found in the statute defining the offense charged. This standard of clear deducibility adequately protects the defendant's right to trial by jury while it avoids artificiality in the construction of the jury verdict.

2. The trial court repeatedly instructed the jury that "assault to do great bodily harm less than the crime of murder" contains an intent element, and gave similar instructions as to the lesser included offense of "assault to commit robbery while armed". The lesser offense of simple assault was also included

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 76 Am Jur 2d, Trial § 1142.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 185, 494.

on the verdict form, and was thoroughly covered by the judge in his instructions. The jury was carefully instructed by the court on the offenses charged and the lesser included offenses. Under these circumstances, the jury's verdict may be clearly deduced by reference to the record.

Reversed and defendant's convictions reinstated.

1. CRIMINAL LAW—VERDICT—CONSTRUCTION OF VERDICT.

A verdict is not void for uncertainty if its meaning can be clearly deduced by reference to the pleadings, the court's charge, and the entire record.

2. CRIMINAL LAW—VERDICT—CONSTRUCTION OF VERDICT.

A jury is not required in orally rendering its verdict to state all the language found in the statute defining the offense charged.

3. CRIMINAL LAW—VERDICT—CONSTRUCTION OF VERDICT—ARMED ROBBERY—LESSER INCLUDED OFFENSES.

A verdict of "guilty of assault to commit robbery while armed", as stated on the verdict form given to the jury for their deliberation, was not void for uncertainty because the meaning of the verdict could be clearly deduced by reference to the record where the defendant was charged with armed robbery, the instructions to the jury on the offense charged contained instructions on the lesser included offenses, the court carefully instructed the jury that the lesser included offense, as phrased on the verdict form, contained the element of intent, and the verdict form also listed the offense of simple assault as a lesser included offense (MCL 750.529, 750.89; MSA 28.797, 28.284).

4. CRIMINAL LAW—VERDICT—CONSTRUCTION OF VERDICT—ASSAULT WITH INTENT TO COMMIT MURDER—LESSER INCLUDED OFFENSES.

A verdict of "guilty of assault to do great bodily harm less than the crime of murder", as stated on the verdict form given to the jury for their deliberation, was not void for uncertainty because the meaning of the verdict could be clearly deduced by reference to the record where the defendant was charged with assault with intent to commit murder, the instructions to the jury on the offense charged contained instructions on the lesser included offenses, the court carefully instructed the jury that the lesser included offense, as phrased on the verdict form, contained the element of intent, and the verdict form also listed the offense of simple assault as a lesser included offense (MCL 750.83, 750.84; MSA 28.278, 28.279).

*Frank J. Kelley*, Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *F. Martin Tieber,* and *Roger L. Wotila,* of counsel) for defendant.

LINDEMER, J. We granted leave to determine the proper basis for the construction of jury verdicts. We hold that a jury verdict is not void for uncertainty if its meaning can be clearly deduced by reference to the pleadings, the court's charge, and the entire record.

Defendant was charged by information with armed robbery, MCLA 750.529; MSA 28.797, and with assault with intent to commit murder, MCLA 750.83; MSA 28.278.

Prior to beginning its deliberations, the jury was given the following form to take to the jury room:

### "FORMS OF THE VERDICT

### COUNT I

1. We, the Jury, find the defendant guilty of Armed Robbery.
2. We, the Jury, find the defendant guilty of Assault To Commit Robbery While Armed.
3. We, the Jury, find the defendant guilty of Unarmed Robbery.
4. We, the Jury, find the defendant guilty of Assault With Intent to Rob and Steal Being Unarmed.
5. We, the Jury, find the defendant guilty of Larceny From a Person.
6. We, the Jury, find the defendant guilty of Assault With a Dangerous Weapon.
7. We, the Jury, find the defendant guilty of Assault.
8. We, the Jury, find the defendant not guilty.

COUNT II

1. We, the Jury, find the defendant guilty of Assault
With Intent to Murder.
2. We, the Jury, find the defendant guilty of Assault To
Do Great Bodily Harm Less Than the Crime of Murder.
3. We, the Jury, find the defendant guilty of Felonious
Assault.
4. We, the Jury, find the defendant guilty of Assault.
5. We, the Jury, find the defendant not guilty."

The jury returned its verdict form with the
second offense under each count circled. Each of
these second-listed offenses omits the intent ele-
ment.

The jury's verdict was received orally as follows:

*"The Clerk:* What is your verdict as to count one?
*"The Forelady:* Count one we, the jury, find the
defendant guilty of assault to commit robbery while
armed.
*"The Clerk:* What is your verdict as to count two?
*"The Forelady:* We, the jury find the defendant *[sic]*
of assault to do great bodily harm less than the crime
of murder."

The significance of the omission of the word
"guilty" in this exchange is not before us. Defend-
ant did not raise the issue in the Court of Appeals.
The defendant's brief in this Court alludes to the
omission in a footnote only for the apparent pur-
pose of correcting a misquotation in the people's
brief.

After the jury left the courtroom, the trial judge
stated to the defendant:

"Mr. Rand, you have been found guilty by a jury of
your peers as to count one, the offense of assault with
intent to commit robbery while armed; and, in count

two, assault to do great bodily harm less than the crime of murder."

Defendant was sentenced to 10 to 50 years for the crime of assault with intent to commit robbery armed and 5 to 10 years for assault with intent to do great bodily harm less than the crime of murder. The defendant did not object either at trial or at sentencing to the trial judge's statement of the jury's verdict.

The Court of Appeals, per curiam, reversed defendant's conviction because the jury's verdict failed to state the element of felonious intent. Relying on *Wilson v People,* 24 Mich 410 (1872), and *Wright v People,* 33 Mich 300 (1876), the Court of Appeals concluded that the defendant could be considered convicted of no more than simple assault.

This Court has never made a definitive statement on the proper construction of jury verdicts. To be sure, one interpretation of the hoary cases of *Wilson* and *Wright* is that when a verdict of the jury has sufficient language to sustain conviction of a lesser offense, such lesser offense represents the limit of the judgment which may be rendered by the court. Most recently, in *People v Smith,* 383 Mich 576; 177 NW2d 164 (1970), we implicitly reserved discussion of the issue. In *Smith,* the only verdict of the jury that could be "clearly deduced" from the record was the final statement of the jury foreman that the defendant was guilty of "assault with intent". Accordingly, we held that the jury verdict was one of simple assault.

Other jurisdictions have applied a rule of reasonableness in construing jury verdicts. See 23A CJS, Criminal Law, § 1398, p 1063; 76 Am Jur 2d, Trial, §§ 1441–1442, pp 112–114; and 4 Wharton's

Criminal Procedure (12th ed), § 577, p 138. Defendant, however, would preclude any interpretation of a jury's verdict which does not contain a reference to each element of the offense upon which conviction lies, despite the fact that examination of the four corners of the record may reveal beyond peradventure the jury's intention. We cannot agree. The commonly-accepted verdict of "guilty as charged" would presumably be of no effect under such a rule. Indeed, as in *People v Levey,* 206 Mich 129; 172 NW 427 (1919), we have held that in orally rendering its verdict the jury is not required to state all the language found in the act defining the offense.

Jurors are not trained in the law, and therefore will often fail to state their verdict with technical legal precision. *People v Guidry,* 67 Mich App 653, 661; 242 NW2d 461 (1976) (V. J. BRENNAN, J., dissenting). The very purpose of language is to express ideas. The written form of the verdict should not be exalted over the substantive intent of the jury. We hold, therefore, that a jury verdict is not void for uncertainty if the jury's intent can be clearly deduced by reference to the pleadings, the court's charge, and the entire record. This standard of "clear deducibility" adequately protects the defendant's right to trial by jury while it avoids artificiality in the construction of the jury verdict.

In construing the verdict in the case at bar, we note, first, defense counsel's aforementioned lack of objection on point. Normally, the absence of an objection would preclude review in this Court unless there was evidence of manifest injustice. It is only because of the jurisprudential significance of the instant issue that we reach the merits.

Although other evidence was presented, both

prosecution and defense, in their closing arguments, recognized that the basic posture of the case as it reached the jury turned on the credibility of the victim and the defendant. The jury was carefully instructed on the offenses charged in each count of the information, as well as the possible lesser included offenses under each count.

The trial judge carefully instructed on the element of intent. After instructing the jury on the intent element of the offense of assault with intent to commit murder, the trial judge stated:

"If you do not find that such intent so existed beyond a reasonable doubt, then you must acquit the defendant of assault with intent to murder, and also the included offenses, which I will later instruct you on, *assault to do great bodily harm less than the crime of murder.*" (Emphasis supplied.)

Each time the trial judge referred to the offense of assault with intent to do great bodily harm less than the crime of murder, he omitted the word "intent", as he did in the language just quoted. However, the trial judge repeatedly instructed that "assault to do great bodily harm less than the crime of murder" contains an intent element. In effect, the judge instructed the jury that if they should find beyond a reasonable doubt that the elements of the offense of assault with intent to do great bodily harm less than the crime of murder are present, they should return a verdict of guilty of assault to do great bodily harm less than the crime of murder.

As to the lesser included offense of assault with intent to commit robbery being armed, the trial judge instructed in a similar manner. The jury, during their deliberations, requested the court to redefine several of the lesser included offenses

under the armed robbery count. The trial judge stated, in part:

"Now, under the included offense of *assault to commit robbery while armed,* the people have to prove beyond a reasonable doubt * * * that the defendant * * * had the specific intent, at the time of the assault with a dangerous weapon, to rob, steal and take away." (Emphasis supplied.)

The trial judge continued thereafter to omit the word "intent" from the statement of the offense of assault with intent to commit robbery while armed. He made it very clear, however, that the offense as he phrased it contained an intent element. The following instruction, given with defense counsel's express approbation, is illustrative:

"Also, as to the assault to commit robbery while armed, * * * the people must, of course, prove that he had the intent to rob and steal. The specific intent to convert to his own use, to appropriate it, the property, and the effects of [the victim]."

The offense of simple assault was listed on the jury form, received thorough attention by the trial judge in his instructions, and could have been easily indicated by the jury if in fact the jury's intent was to convict on that offense alone. The jury did not indicate simple assault on its form.

Under these circumstances, the jury's verdict may be clearly deduced by reference to the record. To find otherwise would, quite literally, exalt the form over the substance.

The Court of Appeals is reversed. Defendant's convictions are reinstated.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred with LINDEMER, J.

Judgment order amended on application for rehearing, 399 Mich —.