603 N.W.2d 840 (1999)
237 Mich. App. 501
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Petru GABOR, Defendant-Appellee.
Docket No. 214235.
Court of Appeals of Michigan.
Submitted May 6, 1999, at Lansing.
Decided September 17, 1999, at 9:00 a.m.
Released for Publication January 10, 2000.
Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, David L. Morse, Prosecuting Attorney, and Daniel J. Garber, Jr., Chief Assistant Prosecuting Attorney, for the people.
Richard M. Trost, Brighton, for the defendant.
Before: GRIBBS, P.J., and MICHAEL J. KELLY and HOOD, JJ.
GRIBBS, P.J.
This is a prosecutor's appeal. We reverse and remand.
Defendant was tried before a jury on two counts of fourth-degree criminal sexual conduct (CSC), M.C.L. § 750.520(e); MSA 28.788(5). At the close of the three day trial, the jury was instructed concerning fourth-degree CSC. After the jury completed its deliberations, the foreperson stated on the record the jury's verdict of "guilty for the act of criminal sexual conduct *841 in the first degree for the first offense and guilty for the act of criminal sexual conduct in the second degree second offense." The jurors were polled, each juror affirming that this was his or her verdict and that the verdict was unanimous. The trial judge then asked counsel whether there was "any legal reason why the jury should not be dismissed at this time?" Both counsel indicated that there was no reason not to dismiss the jury. The trial judge dismissed the jurors with his thanks and told them, "If you'll wait back in the jury room, I'll be back to see you in just a minute." The jury was excused at
Immediately after the jury was excused, defense counsel moved to set aside the verdicts because the jury improperly found defendant guilty of first- and second-degree CSC, rather than the charged offenses of fourth-degree CSC. At 4:12 p.m. the trial court called the jurors back and asked the foreperson to read the verdict again. Reading the verdict a second time, the foreperson stated that the jury found defendant "guilty first offense criminal sexual conduct in the fourth degree, guilty of the second offense criminal sexual conduct in the fourth degree."
The other jurors all agreed with the verdict as restated, and the trial court initially treated the second statement as a correction of the previously misstated verdict. Defendant moved to set aside the verdict, and, after conducting a hearing regarding the issue, the trial court dismissed both counts against defendant.
As the trial court correctly recognized, the jury's function ceased after it had been discharged. People v. Rushin, 37 Mich.App. 391, 398-399, 194 N.W.2d 718 (1971). The trial court wrongly concluded, however, that dismissal of the charges against defendant was required in this case. On the whole record, in keeping with "a rule of reasonableness" [1] in construing the jury verdict, we can easily deduce that the jury intended to convict defendant of both counts of the charged offense. The two counts of fourth-degree CSC were the only charges on which defendant was tried and the only counts on which the jury was instructed. There were no lesser offense instructions. The written verdict form clearly and unambiguously reflects the jury's verdict of guilty of both counts of fourth-degree CSC.
Under the circumstances before us, it is apparent from the record that, despite the foreperson's misstatement, the jury found defendant guilty as charged of two counts of fourth-degree CSC. The trial court erred in dismissing the charges against defendant. The jury's verdict of guilty of both counts is reinstated and this matter is remanded for sentencing.
Reversed an remanded. We do not retain jurisdiction.
HOOD, J., concurred.
MICHAEL J. KELLY, J. (dissenting).
I respectfully dissent.
I agree with the trial court that it had no choice but to dismiss the charges against defendant because to do otherwise would violate the principles of double jeopardy. I find People v. Rushin, 37 Mich.App. 391, 194 N.W.2d 718 (1971), controlling and disagree with the majority's conclusion that a "rule of reasonableness" can be used to infer the intent of the jury.
The trial court stated in reaching its conclusion that dismissal was required:
It is controlling law. First of all, I am satisfied that my attempt to correct the verdict was without legal basis. Because I'm satisfied that once the jury was discharged in this Courtroom and left the Courtroom they became 12 unsworn members of the community rather *842 than a jury. They were no longer a jury.
This Court in Rushin, id. at 398-399, 194 N.W.2d 718, stated the following:
Once the jury has been officially discharged and left the courtroom, we hold that it is error to recall it in order to alter, amend or impeach a verdict in a criminal case. As soon as it departs the courtroom, the jury's legal duties cease to exist; it no longer functions as a unit charged to perform a solemn task but rather as 12 unsworn members of the community; its relationship to the case has terminated. The Court cannot ascertain the influence to which the jury has been subjected after it has left the courtroom, be it for two minutes or two days. Thus, the jurors are proscribed from deliberating further in the case.
To rule that a jury could be recalled after being discharged and leaving the courtroom would not only offend the policies underlying the double jeopardy clause, but would also serve as an invitation to tamper with the jury after it had completed its deliberations. Thus, the Melton [v. Commonwealth, 132 Va. 703, 111 S.E. 291 (1922) ] rule does not confer benefits solely on defendants. Rather, it also acts to preserve the integrity of a guilty verdict.
The facts of this case are clear: (1) after the jury concluded its deliberation it returned to open court to read the verdict; (2) the foreman indicated that defendant was guilty of one count of first-degree criminal sexual conduct (CSC) and one count of second-degree CSC; (3) the jurors were individually polled indicating that this was their decision; (4) after the jury was discharged the court was made aware of the verdict's error; and (5) the jury was called back into the courtroom and indicated that it intended to convict defendant on two counts of fourth-degree CSC.
I find this case to fall under the umbrella of Rushin in that once the jury is discharged it may not be called back into court to alter, amend, or impeach its verdict.[1]Id. at 398, 194 N.W.2d 718. Further, I do not find this Court's decision in Hoffman v. Monroe Public Schools, 96 Mich.App. 256, 292 N.W.2d 542 (1980), controlling in the present case. The Hoffman Court concluded:
[I]n all cases, whether civil or criminal, once the jury has been polled and discharged, its members may not challenge mistakes or misconduct inherent in the verdict. After that point, oral testimony or affidavits by the jurors may only be received on extraneous or outside errors (such as undue influence by outside parties), or to correct clerical errors or matters of form. [Id. at 261, 292 N.W.2d 542.]
Because the trial court determined the oral reading of the verdict to be the verdict of record, I cannot construe a later correction of that verdict as a mere correction of a clerical error of the written verdict form. Indeed, the verdict form does not need clarification or correction, because it indicates a verdict of guilty of fourth-degree CSC with respect to both counts. To correct the oral verdict that the trial court deemed as the verdict of record would result in an amendment or alteration of the original verdict. After the discharge of the jury, such action is in violation of the principles of double jeopardy and this Court's decision in Rushin. Therefore, I would find the trial court did not err in dismissing the charges against defendant.
NOTES
[1] People v. Rand, 397 Mich. 638, 642, 247 N.W.2d 508 (1976), mod. on other grounds, 399 Mich. 1040 (1977).
[1] The lower court record contains the verdict form that the jury completed before announcing its verdict in open court. The written form indicates that the jury convicted defendant of two counts of fourth-degree CSC. However, the trial court noted that it was the foreman's presentation of the oral verdict that constituted the verdict of record. The jurors were polled on the oral verdict and not the written verdict.